# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHAD PELISHEK,

    Plaintiff,

v.

                                          Case No. 23-cv-1048

CITY OF SHEBOYGAN, et al.,

    Defendants.

# JOINT RULE 26(f) REPORT

    Plaintiff Chad Pelishek and Defendants City of Sheboygan, Ryan Sorenson, Charles Adams, Amanda Salazar, and Emily Rendall-Araujo (Defendants), collectively the Parties, through their undersigned attorneys, respectfully submit the following Joint Report pursuant to Fed. R. Civ. P. 26(f). Counsel for the Parties conferred via phone on April 10, 2024 and via email between April 8 – April 16, 2024 regarding the subjects of this report.

    **I.    NATURE OF CASE.**

    Plaintiff alleges that he was subjected to a hostile work environment and discriminatory treatment under Title VII, 42 U.S.C. § 2000 et. seq., and violations of the Equal Protection Clause to the Fourteenth as well as the First Amendments to the United States Constitution. Plaintiff brings his constitutional claims under 42 U.S.C. § 1983.

    Defendants contend that each of Plaintiff's claims lack merit and fail to state a claim as a matter of law and, in November of 2023, filed a motion to dismiss Plaintiff's Amended Complaint in its entirety under Rule 12(b)(6), which the Court partially granted. Defendants categorically deny each and every one of Plaintiff's remaining claims, maintains that they have each treated

Plaintiff in accord with all applicable laws at all times and have asserted various affirmative defenses against Plaintiff's remaining claims.

## II. PROPOSED DISCOVERY PLAN

### a. Limited Consolidation with Related Case.

At this time, there is one case, *Wolf v. City of Sheboygan, et. al.* 23-cv-149, that Plaintiff contends is related to this case. Plaintiff intends to file a motion for limited consolidation with *Wolf*. While the Defendants generally oppose consolidation, the Parties have agreed to try and reach an accord as to the scope of which, if any, discovery in *Wolf* can be shared in *Pelishek.* The Parties are committing to exploring this issue further and, if a full accord cannot be reached, Plaintiff intends to file a motion for limited consolidation.

Plaintiff contends that limited consolidation of these cases only for discovery (depositions, discovery responses and production of documents) will avoid exhaustion or duplication of resources and efforts for the Parties and this Court.

Defendants contend that consolidation is neither necessary nor appropriate under the law in the Seventh Circuit. Plaintiff's claims in this case include a Title VII and Equal Protection claim alleging discrimination and harassment, and an allegation that a November 21st letter he received in connection with a third-party investigation was a prior restraint. The *Wolf* matter includes constitutional claims that leave directives were a prior restraint, claims that the false statements ordinance is overly broad, due process property and liberty rights claims, civil conspiracy claims and a conversion claim. Further, Defendants contend that *Wolf* has been in discovery for several months, with an established discovery deadline of May 15, 2024 for written discovery and deposition deadline of June 15, 2024. While there is some overlap in witnesses, the two cases assert different causes of action and may lead to confusion, a conflation of the issues and the

introduction of irrelevant material, among other unfavorable outcomes. Defendants intend to oppose with full briefing any motion Plaintiff files for limited consolidation.

    b. **Proposed limitations on disclosures or discovery (Fed. R. Civ. P. 26(f)(3)(A), (B) and (E))**.

The Defendants may require more than one day to conduct Plaintiff's deposition. Plaintiff opposes this and maintains that seven hours is sufficient for his deposition.

The Defendants anticipate general discovery concerning the respective claims and defenses may take longer than usual due to Plaintiff's background and history and the number of Defendants and expect at least eight months will be required for completion of fact and expert discovery. Plaintiff feels that discovery can be completed sooner, but the parties have agreed to six months for discovery. The Defendants asked that dispositive motions be extended to not conflict with the holidays, and the parties agreed to extend dispositive motions deadline to January 31, 2025.

With the exception of the issues raised in this Report, the Parties do not anticipate any other changes or limitations to discovery guidelines under the Federal and Local Rules at this time. The parties do not anticipate conducting discovery in phases.

    c. **Information regarding ESI (Fed. R. Civ. P. 26(f)(3)(C))**.

The parties agree to meet and confer in good faith concerning issues that arise with respect to the disclosure or discovery of electronically stored information, and to use their best efforts to produce electronically stored information in the format preferred by the requesting party including reasonable requests for metadata. The parties agree to produce documents in PDF or OCR searchable format where possible. For more complex files where PDF and OCR is not possible, the Parties agree to accept native format. The Parties do not anticipate any other issues related to ESI.

    d. **Privilege and Confidentiality (Fed. R. Civ. P. 26(f)(3)(D) and (F))**.

Plaintiff anticipates issues pertaining to privilege as to communications or other materials to or from the City Attorney's office that are not otherwise included in the City's waivers in the related case. Specifically, information associated with the City Attorney's office pertaining to human resources matters and administrative directives relevant to the claims and defenses. The Parties agree to try and come to an agreement without Court intervention as to the scope of discoverable information regarding communications and information associated with the City Attorney's office relevant to this case.

The Parties anticipate that a stipulated Protective Order for confidential or sensitive information will be necessary in this case and filed a joint Motion for a Protective Order.

   e. **Mediation and Settlement**.

Plaintiff is willing to engage in mediation utilizing the Eastern District of Wisconsin's selection of a magistrate judge to mediate this matter. Defendants are considering mediation. The Parties will contact the Court once they are ready for mediation facilitated by a magistrate judge. The Parties have not exchanged settlement proposals.

   f. **Proposed Discovery Schedule (Fed. R. Civ. P. 26(f)(3)(D) and (F))**.

| DEADLINES | PROPOSED DATE |
| --- | --- |
| Initial Disclosures | May 25, 2024 |
| Deadline for Plaintiff's expert witnesses. | July 1, 2024 |
| Mediation Deadline. | Plaintiff: August 10, 2024<br>Defendants: No Deadline |
| Deadline for Defendants' expert witnesses. | September 2, 2024 |
| Discovery ends | October 15, 2024 |
| Dispositive Motions. | January 31, 2025 |

**III. OTHER MATTERS.**

    a. <u>Trial Estimate</u>. The Parties estimate 5 to 7 days for a jury trial.

    b. The Parties do not anticipate joining other parties nor any additional amendments to the pleadings but note that any amendments, to the extent any are necessary during discovery, may only be filed with leave of Court.

    c. The Parties agree to attempt to resolve discovery disputes through phone calls and, if appropriate, follow up emails for any unresolved or agreed resolutions regarding discovery disputes to avoid exhaustion of resources.

    d. The Parties contemplate filing dispositive motions.

    e. The Parties propose that, if necessary, the Final Pre-Trial Conference and Trial be scheduled by the Court after the Court's decision on dispositive motions.

Dated: April 16, 2024.

| | |
|---|---|
| <u>For Plaintiff Chad Pelishek</u>: | <u>For Defendants City of Sheboygan, Ryan Sorenson, Charles Adams, Amanda Salazar, and Emily Rendall-Araujo</u>: |
| */s/ Jennifer DeMaster*<br>Jennifer T. DeMaster<br>State Bar No. 1124201<br>DeMaster Law LLC<br>361 Falls Road, Ste 610<br>Grafton, WI 53024<br>Telephone: (414) 235-7488<br>Facsimile: (262) 536-0515<br>*Jennifer@demasterlaw.com*<br>*attorney@jenniferdemaster.com* | */s/ Warren E. Buliox*<br>Warren E. Buliox   SBN 1056215<br>Julie T. Bittner   SBN 1128144<br>Kerrie M. Murphy   SBN 1122869<br>**MWH Law Group**<br>735 N. Water Street, Suite 610<br>Milwaukee, WI 53202<br>Telephone: (414) 436-0353<br>Facsimile: (414) 436-0354<br>*warren.buliox@mwhlawgroup.com*<br>*julie.bittner@mwhlawgroup.com*<br>*kerrie.murphy@mwhlawgroup.com* |