# EXHIBIT F

# Katie Dienberg

| | |
|---|---|
| **From:** | Jen DeMaster <Jennifer@demasterlaw.com> |
| **Sent:** | Monday, September 30, 2024 4:54 PM |
| **To:** | Warren Buliox |
| **Subject:** | Pelishek_Notices and Request for Phone Conference re: Discovery Issues |
| **Attachments:** | NOS_Kalista.pdf; NOD Greenwood.pdf; 9.30 3rd Supp. Disclosures.pdf |

> Caution: This email originated from outside your organization. Please be careful when opening attachments and embedded links.

Warren, I had already typed these up for Kerrie per her request that any conference topics be written out. So, I'm just sending it to you somewhat shortened just to help you get caught up. I had asked Kerrie for a conference last week, but she was busy, and I'd rather just give *you* some time to catch up so we can schedule a call. I'll clear my schedule for whatever time you're available either Thursday October 3 or Friday October 4 to give you sufficient time. If there is any paralegal or someone you'd like me to CC, I'll do that, but having you and Kerrie on these has become confusing for me to know which attorney I can confer with about these especially when I can't schedule or reasonably confer with her without delays or obstacles.

<u>First</u>, I attached Notice of Subpoena for Jennifer Kalista and a Notice of Deposition for Matthew Greenwood. **Ms. Kalista's subpoena relates to the records we told you we are trying to supplement. For Greenwood, we aren't asking to obtain Bates labeled copies of everything compiled, but only to review and inspect what was compiled to see whether any other relevant communications were withheld and ask questions relating to our requests. Neither of these (if needed) should be longer than 2 hours and we can do them on the same day. We ask that, if needed, Kalista's deposition be confidential-attorney eyes only for now with just attorneys and court reporter, though I suspect we'll be able to cancel it.

==**ALSO – please note that we are rescheduling Chuck Adams' deposition currently scheduled for next Tuesday for a couple weeks out based on our earlier discussions and his communications and documents we are still waiting on.==

<u>Second</u>, I have attached corrected and 3rd Supp. disclosures that I thought we had provided but am unsure, and if not, were inadvertently left out. I know we talked about our 2nd Supp. Disclosures before and any inadvertent errors as well, and I do want to follow up on that whenever we can talk on the phone later this week.

<u>Third</u>: below are the discovery related concerns that we have not yet conferred on, some of which were in my 9/24 letter to Kerrie; but I am providing those simplified here so we can simply just talk about it rather than going back through the letter. Hopefully, this is enough information for you to get caught up and maybe even resolve some of these before we talk. (*please note, I had already typed some of this before we talked, so anytime I say "you" I'm referring either to the Defendants or Kerrie who prepared these*.)

- In Defendants' responses served August 30, 2024, you stated you produced a few documents that we have never received. Please supplement these:
    - <u>Pl. RFP to City 3</u> – you stated you provided Word Doc from CITY 2142-2143 but we have not received that. Please provide this by October 1, 2024.
    - <u>Pl. RFP to City 7</u> – you stated you produced Bates Labeled Doc CITY 3502 – 3507. We have not received these. Please provide by October 1, 2024.
    - <u>Pl. ROG to City 2</u> – you stated you produced Bates Docs CITY 3946 – 3501, but we have never received these. Please provide by October 1, 2024.

- o Defendants' Privilege Log – Row Items 19 and 20 are missing from this log. Please supplement your privilege log by October 1, 2024 with the missing line items.
  - o Defs/City Bates Labeled Errors – In some discovery requests, you refer to documents labeled 3496 – 3934 (which were never produced). You previously listed records from Lifepoint counseling as 3496 – 3583, which you stated were deleted after hearing from Lifepoint. Please confirm whether your references to 3496 – 3934 were in error and supplement any production of these documents as we did not receive 3496 – 3934 at any point, with the exception of Lifepoint CITY 3496 – 3583, which you stated was deleted.

- Requests on CITY-MG No. 7. This sought all communications between anyone in the City Attorney's office and Adam Westbrook originally from October 15, 2022 – August 15, 2023. Although Plaintiff had already resigned by May, these are still relevant to the extent that any communications occurred relating to prior actions taken that led to my client's feeling compelled to resign. We have discussed or addressed a few responsive communications (as set forth in our letter on September 24), and we need to obtain the others. Since we agreed that the City would be handling these as discovery requests, which would be compiled by Mr. Greenwood, these should include all communications in all formats given that they are communications by City officials on any device/mode (personal or work-issued) since we have established that many communications regarding City or work matters were handled on personal devices. This includes communications to all office staff for these respective offices (City Attorney and Human Resources).
  - o This includes all communications (from all manners of communications) from Charles Adams and Liz Majerus cell, office, or other phones and Adam Westbrook through his City phone line, home phone, or cell phone lines from the time period requested. Given the concerns about relevant documents and communications being withheld based on your interpretation of our requests, we will not be narrowing this any further. Obviously, any irrelevant communications would not be utilized in this matter, if any exist.
  - o All communications listed on Defendants' privilege log Line items 1, 4-7, 16-18, 21-22. We addressed each of these in our 9/24/24 letter.
  - o You must provide all text messages between Charles Adams and Adam Westbrook from January 2023 – May 2023. You have only provided a couple texts between Def. Adams and Westbrook from November and December 2022. These need to be supplemented. These messages and other communications are also referenced in Plaintiff's requests on CITY No. 10 which we address below:

- Request on CITY-MG No. 11 - VOIP records. We requested these in late June 2024 and you have requested multiple extensions with no date from you as to when these will be produced-just that the City/Mr Greenwood is working on this. These are downloadable records to comply with Wis. Public records laws and even if not, they should not take over 5 months to find. You stated that your service provided is AT&T, but the City used ShoreTel/Mitel during this period for internal extension calls as well which should store internal/extension calls amongst persons at the City. We would like both external calls (incoming and outgoing) and internal extension call/messages. **TO resolve this, we are narrowing and clarifying this request as follows for Mr. Greenwood:**
  - o **All internal extension call/message logs (these are extensions internally within the City) and external call/message logs from the following extension(s) and phone lines between 8/1/22 – 5/1/2023 (from ShoreTel/City archives or servers/databases or any other method of retaining internal extension calls; and external calls incoming and outgoing):**
    - ▪ *Internal incoming/outgoing extension calls/messages between and/or including: Ryan Sorenson, Charles Adams, Emily Rendall-Araujo, Liz Majerus, Adam Westbrook. And all external calls to and from all persons to Defs. Sorenson, Adams, and Rendall-Araujo extensions as well as any other extensions in their respective offices (assistants, staff, etc.).*

2

- <u>Plaintiff's Discovery Request on CITY No. 10</u>. In this request we seek all communications with all persons listed in all parties' initial disclosures. We inadvertently made a mistake in this request stating we were seeking communications from June 1, **2023 –** to present. That date in our request should have been 2022*. Please update that date. ***However, in efforts to resolve this dispute, we agree to narrow this request as follows***:
    o ***to the following time frame: 8/1/2022 – 5/1/2023.***
    o ***Communications (all forms and formats including personal calls/emails and work) between the remaining individual defendants (one or more) and one and/or more of the following: one another, Maya Hilty or anyone affiliated with the Sheboygan Press, Liz/Elizabeth Majerus, Adam Westbrook***, ***and anyone else listed in any parties' disclosures that is relevant to the claims and defenses***.

- <u>Plaintiff's discovery Requests relating to communications of Defendants Charles Adams, Ryan Sorenson, and Emily Rendall-Araujo. Several of our Requests addressed obtaining communications (including texts, contents, text and message logs, call logs, messaging apps, etc.).</u> *See e.g.* <u>CITY RFP 10, CITY-MG 7-8, 10 & 11, RS Nos. 1-3, CA No. 2, ERA Nos. 1-3, etc</u>. and those set forth above and in previous communications. You stated that we discussed obtaining phone logs produced in *Wolf* which was not accurate as we were asking to remove confidential markings for those documents in the event any motion needed to be filed. We hope to resolve this point without needing to do that. Following your last email and documents, we are still missing many months and communications addressed above and in this section. ***In efforts to consolidate and resolve this, we are still seeking the following:***
    o ***Charles Adams' text logs from detailed billing statements produced as CA 000023-000237. No texts were produced in these logs.***
    o ***Ryan Sorenson's detailed call and text logs from his phone number ending 1655 between 8/1/2022 – 11/3/2022 and 2/4/2023 – 5/1/2023. You stated that he is working with AT&T to obtain detailed logs from 8/1/2022 – 11/3/2022. You must provide an approximate date that he will be able to obtain these and immediately supplement with detailed call/message logs from 2/3/2023 – 5/1/2023.***
    o ***All communications (including content) between Ryan Sorenson and Emily Rendall-Araujo, Charles Adams, Adam Westbrook, Elizabeth Majerus, Maya Hilty, and anyone affiliated with the progressive women group and those that sent emails to the Common Council in or around October 2022 about plaintiff and/or racial slur and/or handling of racial slur.***
    o ***All communications between Charles Adams and Adam Westbrook, Liz/Elizabeth Majerus, and Micah Adams between November 2022 – May 2023. (You have only produced a few text messages with Westbrook from November and December 2022).***
    o Again * because of statements that you are withholding documents or communications based on your opinion as to "responsiveness," and considering the documents we received showing relevant communications withheld in *Wolf* (Guevara and Sorenson calls that were redacted as well as Adams and Donohue communications), we cannot and will not further narrow these.

- <u>Plaintiff's ROG on CITY Nos. 2 & 7</u>: Here we asked for information regarding employees that were given last chance letter, PIP, or disciplined from August 2022 – May 1, 2023. You objected that this was not relevant nor "probative" of allegations. That is inaccurate. "probative" is a legal standard for relevance under the Federal Rules of Evidence that is more narrowly tailored than "relevance" for the purposes of discovery. Please withdraw this language. Further, Plaintiff alleged a hostile work environment so documentation and information relating to others that were disciplined or otherwise involved in any disciplinary actions is relevant to this to the extent this occurred prior to Plaintiff's resignation. Please supplement this request with relevant information, responses, and documents.

- <u>Defendants' privilege log:</u> We provided a couple charts as to the line items we were seeking and have referenced a few of those in this email. Specifically, we want to confer regarding these line items in your privilege log:  Nos. 1, 3-7, 10-27. We may be willing to come to agreement on some of those regarding

3

communications only with MWH, but the descriptions are too broad and generic, so we'd like to just talk about these on the phone.

*If there is anything else, I will make a note to talk to you about it this Thursday or Friday. If you need to reschedule, just let me know, though I would like to talk about this sooner rather than later. A few of these may be cumulative and can be responded with certain documents, so hopefully we can try to come to agreement on everything whenever you're caught up on discovery in this case and available to talk.

Thanks.



**Jennifer DeMaster**
Attorney, DeMaster Law LLC

Email : jennifer@demasterlaw.com
Email : jen@jenniferdemaster.com
Phone: 414-235-7488
Address: 361 Falls Rd #610, Grafton, WI 53024

Disclaimer: This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately.