# Warren Buliox

| | |
|---|---|
| **From:** | Kerrie Murphy |
| **Sent:** | Wednesday, August 28, 2024 1:32 PM |
| **To:** | Jen DeMaster |
| **Cc:** | Warren Buliox; Katie Dienberg; Paralegal |
| **Subject:** | RE: Pelishek litigation - Plaintiff's deposition |

Jen,

The Notice of Deposition sent to schedule day 2 of Plaintiff's deposition contains the same language that was used in the Notice of Deposition to schedule his last deposition on July 31st. It is also the same language that was used in the Notices of Deposition sent in the Wolf litigation, so you have seen this language several other times. It is standard language that I use in all Notices of Depositions that I send in all of my cases. I am aware of the remaining time that I have to finish Plaintiff's deposition. However, if you conduct yourself in the same manner that you did during day 1 of your client's deposition, then we will seek court assistance to address the delay that your inappropriate objections caused.

The people that Plaintiff has identified as individually named Defendants will be attending the 2nd day of his deposition, as is their right. They were not disruptive, loud, inappropriate or disrespectful during day 1 of Plaintiff's deposition. In fact, they did not even speak during times that the deposition was underway. Our clients are allowed to communicate with me during the deposition, as necessary and will do so during day 2 of Plaintiff's deposition.

I am tired of your threats, insults and personal attacks on me and my firm. It is extremely unprofessional and does not comply with your obligations as an attorney to conduct yourself in a civil and professional manner. If you feel that the deposition on September 12 is being conducted in a manner that requires you to contact Magistrate Duffin, then you are free to do so.  However, it was your behavior during the last deposition that was objectionable, not mine. The deposition transcript confirms the excessive number of objections that you asserted and the lack of basis for doing so. If you conduct yourself in the same manner, then I will address your behavior with the Court.

You are not free to stop the deposition. If you direct your client to leave before his deposition is complete, then we will be forced to request yet another day to complete his deposition and Defendants will seek attorney's fees and costs incurred do so. If such a delay impacts the Defendants ability to complete discovery, designate experts and prepare for filing a dispositive motion, then we will address that issue with the court as well.

Notably, the conference room on the mezzanine level of our office building is not available. However, we were able to book the large training room on the 2nd floor in our building for day 2 of Plaintiff's deposition.

**Kerrie M. Murphy**
*Managing Partner*
**D:** 515.657.5684



**West Des Moines Office:**
Regency West Office Park  |  Building 8
4350 Westown Parkway, Suite 120
West Des Moines, IA  50266
**T:** 515.453.8509  |  **F:** 515.267.1408

**Milwaukee Office**
735 North Water Street | Suite 610 | Milwaukee | WI 53202
**T**: 414.436.0353 | **F**: 414.436.0354

**From:** Jen DeMaster <Jennifer@demasterlaw.com>
**Sent:** Tuesday, August 27, 2024 9:19 PM
**To:** Kerrie Murphy <kerrie.murphy@mwhlawgroup.com>
**Cc:** Warren Buliox <warren.buliox@MWHLawGroup.com>; Katie Dienberg <katie.dienberg@mwhlawgroup.com>
**Subject:** RE: Pelishek litigation - Plaintiff's deposition

Caution: This email originated from outside your organization. Please be careful when opening attachments and embedded links.

My client can do September 12, but prior to agreement tell me again who exactly will be attending. Depositions are not a time for you to surprise my client with no information and then march all defendants in (city officials on taxpayer dollars) into his deposition just before it begins once he has been seated so they can be disruptive and make my client nervous. In good faith, you need to tell me who will be attending beforehand—though I know this is not the type of adult-like conduct MWH engages in.

We object to your statements that this deposition will occur from "time to time and place to place." I have never seen such language and we do not agree to that.

Further, as this is a continuance of his deposition, please note that we have objected to your clients being inappropriate, disruptive, disrespectful, and loud during this deposition; notwithstanding your conduct in asking the same question multiple times where an answer was given that you didn't like or shouting/raising your voice at my client or I. If these abusive and harassing tactics are utilized again, I will be forced to end the deposition. You have been previously warned.

**From:** Kerrie Murphy <kerrie.murphy@mwhlawgroup.com>
**Sent:** Monday, August 26, 2024 1:00 PM
**To:** Jen DeMaster <Jennifer@demasterlaw.com>
**Cc:** Warren Buliox <warren.buliox@MWHLawGroup.com>; Katie Dienberg <katie.dienberg@mwhlawgroup.com>
**Subject:** Pelishek litigation - Plaintiff's deposition

Jen,

I would like to schedule day 2 of Plaintiff's deposition for Sept. 12. Please let me know if this date will work for you and your client.
Assuming that it does, I have attached a Notice of Deposition. The deposition will be in the conference room on the mezzanine level of our firm's office building.

**Kerrie M. Murphy**
*Managing Partner*
**D:** 515.657.5684



**West Des Moines Office:**
Regency West Office Park  |  Building 8
4350 Westown Parkway, Suite 120
West Des Moines, IA  50266
**T:** 515.453.8509  |  **F:** 515.267.1408

**Milwaukee Office**
735 North Water Street | Suite 610 | Milwaukee | WI 53202
**T**: 414.436.0353 | **F**: 414.436.0354

This e-mail transmission, and any documents, files, or previous e-mail messages attached to it, may contain confidential information. If you have received this transmission in error, please notify the sender immediately at 515.657.5684 and permanently delete this e-mail and any attachments