# EXHIBIT N

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

CHAD PELISHEK,

        Plaintiff

v.                                Case No. 2:23-CV-1048

CITY OF SHEBOYGAN, et al.,

        Defendants.

## PLAINTIFF CHAD PELISHEK'S RESPONSES TO THE CITY OF SHEBOYGAN'S REQUESTS FOR PRODUCTION OF DOCUMENTS ON PLAINTIFF

Plaintiff Chad Pelishek, through his undersigned counsel, submits the following supplemental responses, in good faith, to the above-named Defendants' Requests for Production of Documents as set forth below.

## PRELIMINARY STATEMENT

The tactic employed by the Defendants and their legal counsel to type Plaintiff's social security number without any confidential markings on discovery documents that could be filed or sent electronically or otherwise viewed by multiple people is egregiously abusive. While Plaintiff is well aware the City has his social security number, using this on a document that has not been marked confidential, to pre-fill out authorizations is uncalled for. Neither the City nor their legal counsel are to use, type, publish, or ever again create any document that is not marked confidential nor redacted to protect his social security number. We immediately call on the Defendants and their legal counsel to delete their Authorizations with Plaintiff's unredacted social security number from their records and

Plaintiff further reserves the right to change, amend, or supplement any or all of the matters contained in these responses with facts or information that he learns were omitted by inadvertence, mistake, or excusable neglect, and as additional facts are ascertained, and contentions are made in this litigation.

These responses are made solely for the purposes of this action and are subject to all objections as to competence, authenticity, relevance, materiality, privilege, and admissibility. All such objections and grounds are expressly reserved and may be interposed at the time of trial.

Finally, as to all requests or questions that seek "all information relating to a remaining claim," Plaintiff cannot be expected, nor is he required, to know all facts that the Defendants believe are "related" to a "remaining claim." Defendants' failure to define or identify specific facts renders these requests overly broad and unduly burdensome for Plaintiff to try and "guess" which facts the Defendants believe relates to a "remaining claim." Any response to such questions does not constitute an admission or acknowledgment as to relevance for use at trial nor is any such response to be construed as an acknowledgment that the form of any question is proper or constitute all information or documents that may be otherwise responsive which Plaintiff may learn of at a later time.

If certain documents are not otherwise produced herein, Plaintiff will produce any non-privileged documents responsive to these Requests to the extent such documents exist and can be located after a reasonable search.

## SPECIFIC OBJECTIONS AND RESPONSES

REQUEST NO. 1: Produce a full and complete copy of any and all records, information or documents identified by Plaintiff in his Initial Disclosures.

9

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects to the extent this request seeks documents that are either public information, already in Defendants' possession, custody, and control, and/or have otherwise been produced to Defendants in this or any other matter. Plaintiff is not required to produce documents that are otherwise already in the Defendants' possession, custody, and control. Subject to these objections and without waiving any other objections, see Bates labeled documents PELISHEK 000300 – 000324, 000355 – 000407, 000408 – 000492, 000710, 000732 – 000742, 001642 – 1700, MM PELISHEK 0002 – 0003.**

REQUEST NO. 2: Produce a copy of all records, information or documents, Plaintiff, his attorneys or agents, have obtained pursuant to a Subpoena to Produce Records issued in the above captioned matter.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects insofar as the documents sought are not in Plaintiff's custody, possession, or control and are otherwise only held by third parties at this time. Plaintiff objects to producing information that has or will be produced by anyone employed by the City of Sheboygan who has received a subpoena to produce records as well as any information that is already in the Defendants' possession, custody, and control. Subject to these objections and reserving all rights to supplement this request when subpoenaed information is produced in this matter, Plaintiff has not received any documents pursuant to a subpoena to produce records by anyone unaffiliated with the City of Sheboygan or its officers.**

10

REQUEST NO. 3: Produce a copy of all records, information or documents, Plaintiff, his attorneys or agents, have obtained pursuant to an Open Records Request to any non-party that relate to this litigation in any way.

**RESPONSE: Plaintiff objects on grounds of the General Objections and specifically objects that this request is vague, ambiguous, and overly broad. Subject to these objections and without waiving any other objections, see Bates labeled documents PELISHEK 000038-50, 000052 – 88, 000123, 000743 – 000812.**

REQUEST NO. 4: Produce a copy of all documents you identify in or consulted to answer any Interrogatories propounded by Defendants.

**RESPONSE: Plaintiff objects on grounds of the General Objections and specifically objects that this request is vague, ambiguous, overly broad, and indecipherable as to documents Mr. Pelishek "identified in", unduly burdensome given the Defendants "propounded" nearly 60 interrogatories on Plaintiff, and the Defendants' vast legal resources and staff with 6 figure attorney fees can easily determine which, if any, documents may have been consulted given what has been produced in this matter. Plaintiff also objects to the extent this request seeks work product prepared or obtained by his legal counsel in anticipation of or preparation for this litigation including notes and memoranda. Plaintiff objects to the extent this request seeks documents that are publicly available, in the Defendants' possession, custody, and control, or otherwise available to the Defendants. Subject to these objections and without waiving any other objections, see Bates labeled documents PELISHEK 001642 – 001700, 001711 – 001743. Plaintiff has also produced a privilege log and will not otherwise provide such information for PRIV PEL 000330 – 000352.**

REQUEST NO. 5: Produce a copy of Plaintiff's most recent current curriculum vitae or resume.

**RESPONSE: Plaintiff objects on grounds of the General Objections and specifically objects that this request is not relevant to claims or defenses or proportional to needs of case under Fed. R. Civ. P. 26(b). Subject to these objections and without waiving any other objections, see Bates labeled documents PELISHEK 000811 – 000812.**

REQUEST NO. 6: Produce a copy of all documents related to any and all employment held by Plaintiff after May 12, 2023. This is a request not only for the file maintained by any human resources department, but any and all documents relating to your employment, including, but not limited to: documents relating to payroll, attendance, performance reviews, coaching, as well as any discipline or complaints related to discrimination or harassment made by or about you. In lieu of obtaining the information requested from third parties, Plaintiff may execute the enclosed Consent to Release of Information in favor of MWH Law Group LLP. If Plaintiff elects to provide the Consent to Release in lieu of documents, Plaintiff must identify all employers he has been employed with since May 12, 2023.

**RESPONSE: Plaintiff objects on grounds of the General Objections and specifically objects that this request is overly broad, vague, harassing, and not relevant to claims or defenses or proportional to needs of case under Fed. R. Civ. P. 26(b). Whether Plaintiff has been subjected to complaints of discrimination by any subsequent employer is not relevant to proving whether the Defendants engaged in unlawful discriminatory practices against Plaintiff. Plaintiff also objects to the extent that any other complaints by Rendall or others relating to Plaintiff are in the City's**

12

possession, custody, and control. Subject to these objections and without waiving any other objections, there are no subsequent employment or personnel records that have any complaints relating to Plaintiff. See also Bates labeled documents PELISHEK 001002 & 000743-000812.

REQUEST NO. 7: Produce a copy of all notes, diaries, calendars, logs, and/or personal recordings prepared by Plaintiff that relate to the remaining claims in Plaintiff's Amended Complaint. This Request includes, but is not limited to, the notes that Plaintiff referred to during his witness interview with Attorney Jill Pedigo Hall in November 2022.

RESPONSE: Plaintiff objects on grounds of the General Objections and specifically objects that this request is overly broad, vague ambiguous, unduly burdensome, and the burden on Plaintiff to produce "all" such documents outweighs any potential benefit to the Defendants. Subject to these objections and without waiving any other objections, see Bates labeled documents PELISHEK 000300 – 000324, 000325 - 000329, MM PELISHEK 0003.

REQUEST NO. 8: Produce a copy of all documents that you sent to or received from any individual that Plaintiff has identified in his Initial Disclosures that relate to any of the remaining claims in Plaintiff's Amended Complaint.

RESPONSE: Plaintiff objects on grounds of the General Objections and specifically objects that this request is cumulative and duplicative of Req. No. 1 herein, and to the extent these are already in your possession, custody and control, vague, overly broad, and ambiguous. Subject to

13

these objections and without waiving any other objections, see Bates labeled documents 000412 – 000413, 000714-000731, 000444-000445.

REQUEST NO. 9: Produce a copy of all communications to or from any individual that Plaintiff has identified in his Initial Disclosures that relate to any of the remaining claims in Plaintiff's Amended Complaint.

**RESPONSE: Plaintiff objects on grounds of the General Objections and specifically objects that this request is overly broad as to scope or time frame, ambiguous and vague as to "relate to any of the remaining claims" in the Amended Complaint, unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b) as worded. Plaintiff objects to the extent this request seeks Plaintiff's communications with the Defendants who already have these communications in their possession, custody, and control, or that Plaintiff has otherwise already produced in his responses to Req. No. 1 herein, and because the Defendants can more easily obtain Plaintiff's communications from their employees whom legal counsel for the Defendants has acknowledged has spoken to employees about their depositions and this case despite not personally representing them.**

**Subject to these objections and without waiving any other objections, Plaintiff directs Defendants to his initial disclosures, exhibits to his original and Amended Complaints. See Bates labeled documents PELISHEK 001642 – 001700, 001711 – 001743.**

14

REQUEST NO. 10: Produce a copy of all documents that you sent to or received from any current or former employees of Defendant that relate to any of the remaining claims in Plaintiff's Amended Complaint.

**RESPONSE: Plaintiff objects on grounds of the General Objections and specifically objects to extent this request is cumulative and duplicative of Reg. No. 9 herein, harassing and another method by the Defendants to threaten, fire, or harass more employees for their support and defense of Plaintiff as Defendants have continually done for the past year-and-a-half. Further, Plaintiff has already produced documents identified in his initial disclosures that are not otherwise public records or are already in the Defendants possession, custody and control. If the Defendants and City of Sheboygan are comfortable dealing with multiple, continual, and unending lawsuits from employees they threaten or fire, that is their prerogative, but Plaintiff is not required to produce irrelevant information that will provide further ammunition—specifically where the Defendants have refused to stipulate to any agreement ensuring protections for witnesses or those who have communicated support for Plaintiff. Plaintiff also objects to the extent this request is ambiguous, vague, and overbroad as to "relate to any of the remaining claims in Plaintiff's Amended Complaint." Subject to these objections and without waiving any other objections, Plaintiff has not received any documents from any current employees that the Defendants are not otherwise aware of since he went on FMLA leave in March 2023.**

REQUEST NO. 11: Produce a copy of all communications you have had with any current or former employee of Defendant since August 1, 2022, that relate to any of the remaining claims in Plaintiff's Amended Complaint.

15

**RESPONSE: Plaintiff objects on grounds of the General Objections and specifically objects to the extent this request is cumulative and duplicative of Nos. 9 – 10 herein, ambiguous, vague, and overly broad, and egregiously burdensome in that the burden on Plaintiff to provide every single communication over a nearly two-year period outweighs the benefit for Defendants. Plaintiff cannot be expected, nor is he required, to know any or all facts that the Defendants believe are "related" to a "remaining claim." Defendants' failure to define or identify specific facts renders these requests overly broad and unduly burdensome for Plaintiff to try and "guess" which facts the Defendants believe relates to a "remaining claim." Plaintiff also objects that the Defendants and their vast resources are far more capable of obtaining Plaintiff's communications with their current and even some former employees as Defendants knew of Plaintiff's potential claims, tried to stop him from bringing them, and have far better access to their current employees to obtain this information. Subject to these objections and without waiving any other objections, see Bates labeled documents PELISHEK 001642 - 001700.**

REQUEST NO. 12: Produce a copy of all written statements from individuals that relate to any of the remaining claims in Plaintiff's Amended Complaint.

**RESPONSE: Plaintiff objects on grounds of the General Objections and specifically objects that this request is overly broad, vague, ambiguous, and indecipherable, and contains undefined terms as to "written statements", and to the extent this request seeks documents or statements that are already in the Defendants' possession, custody, and control or have otherwise already been provided to Defendants in this case, or are far easier for the Defendants to obtain given there**

16

membership and affiliation with any public posts, statements, emails, communications or other written statements.

REQUEST NO. 13: Produce a copy of all audio or video recording of any Defendant from August 22, 2022, to the present made by or on behalf of Plaintiff or given to Plaintiff by any third party.

**RESPONSE: Plaintiff objects on grounds of the General Objections and specifically objects that this request is overly broad, vague, and to the extent it is not relevant to the claims or defenses or proportional to the needs of the case and the burden on Plaintiff to search or prepare all potential "recordings" including council meetings outweighs any benefit to the Defendants. Plaintiff also objects to the extent the Defendants already have any potential responsive records in their possession, custody, or control, and to the extent any recordings responsive to this are public records that the Defendants can obtain themselves.**

REQUEST NO. 14: Produce a copy of all audio or video recordings taken by Plaintiff during his interview with Attorney Jill Hall.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request seeks documents that are already in Defendants' possession, custody, and control which is evident given the language in Defendants' Req. No. 7 herein that refers to "notes" Plaintiff "referred to" during his interview with Hall which is only known by having possession or control of this. Subject to these objections and without waiving any other objections, see Bates labeled MM PEL 0004.**

REQUEST NO. 15: Produce a copy of all audio or video recordings taken by any other witness during his or her interview with Attorney Jill Hall and given to Plaintiff or his counsel.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request is not relevant or proportional to the claims and defenses, and to the extent this request is more easily accessible by Defendants who retained Jill Hall and to the extent the Defendants have this information in their possession, custody, and control, or can more easily access this information from their attorney and law firm von Briesen and Roper. Adams worked closely with Hall on all facets of her investigation, including "factual clarifications" following her interviews and has easier access to all of Hall's notes, memoranda, recordings, and interviews.**

REQUEST NO. 16: Produce a copy of all audio or video recording of any individual, including but not limited to Plaintiff, not otherwise produced in response to other Requests, that includes information that relates to any of the remaining claims in Plaintiff's Amended Complaint.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request is overly broad, vague, ambiguous, harassing, and Plaintiff objects to the extent this request may seek documents that are already in the Defendants' possession, custody, or control or are otherwise public information. Subject to these objections and without waiving any other objections, see Bates labeled documents MM PEL 0002 & 0005.**

18

REQUEST NO. 17: Produce a copy of all documents, communications, and tangible things that relate to treatment of any kind that you received from any medical provider for any physical injury Plaintiff claims to have sustained because of the remaining claims in Plaintiff's Amended Complaint. In lieu of obtaining the information requested from third parties, Plaintiff may execute the attached Patient's Authorization for Release of Information and return it to counsel for Defendants, MWH Law Group LLP, 735 N. Water Street, Suite 610, Milwaukee, WI 53202, to be used, as necessary, in accordance with the Code of Wisconsin. If Plaintiff elects to provide the Patient Waiver in lieu of documents, Plaintiff must identify all medical providers that have treated Plaintiff and pharmacies where Plaintiff has obtained prescription medications for injuries that he claims are causally related to the remaining claims in Plaintiff's Amended Complaint.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request is overly broad and harassing as to seeking "communications," vague and ambiguous as to what communications with a medical provider Defendant is seeking, unduly burdensome in that the burden on Plaintiff to produce all communications or documents with a medical provider outweighs any potential benefit on Defendants. Plaintiff is willing to produce his medical records, but is not required to maintain, nor produce, all communications with his medical providers which is not relevant nor proportional to this case. Subject to these objections and without waiving any other objections, see Bates labeled documents PELISHEK 000813 – 000929 & 000266 – 000299.**

REQUEST NO. 18: Produce a copy of all documents, communications, and tangible things that relate to treatment of any kind that you received for any mental anguish or emotional distress that you

claim to have suffered as a result of the remaining claims in Plaintiff's Amended Complaint. This Request includes, but is not limited to, any Employee Assistance Program referral. In lieu of obtaining the information requested from third parties, Plaintiff may execute the attached Patient's Authorization for Release of Protected Health Information and return it to counsel for Defendants, MWH Law Group LLP, 735 N. Water Street, Suite 610, Milwaukee, WI 53202. If Plaintiff elects to provide the Patient Waiver in lieu of documents, Plaintiff must identify all mental health providers that have treated Plaintiff for injuries Plaintiff claims are causally related to the remaining claims in Plaintiff's Amended Complaint.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request is overly broad, unduly burdensome, vague, and ambiguous as to communications that relate to any treatment of any kind and all communications. Plaintiff also objects to the extent this request calls for information that is more properly requested under Fed. R. Civ. P. 33 and Defendants have exhausted their interrogatory limitations. Subject to these objections and without waiving any other objections, see Bates labeled documents PELISHEK 000813 – 000929, 000129 – 000134, 000154 – 000164.**

REQUEST NO. 19: Produce a copy of all documentation that relates to charges you incurred for treatment of any kind that you received for any physical, mental or emotion injury that you claim to have suffered as a result of the remaining claims in Plaintiff's Amended Complaint. Plaintiff may execute the attached Patient's Authorization for Release of Protected Health Information and return it to counsel for Defendants, MWH Law Group LLP, 735 N. Water Street, Suite 610, Milwaukee, WI 53202. If Plaintiff elects to provide the Patient Waiver in lieu of documents, Plaintiff must identify all medical and mental

20

health providers that have treated Plaintiff for injuries Plaintiff claims are causally related to the remaining claims in Plaintiff's Amended Complaint.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request overly broad, vague and ambiguous as to charges incurred, unduly burdensome in that the burden on Plaintiff to provide any potential charge, receipt, gas, or cost is harassing and outweighs the potential benefit to Defendants. Plaintiff also objects to the extent this request calls for information that is more properly requested under Fed. R. Civ. P. 33 and Defendants have exhausted their interrogatory limitations. Plaintiff also objects to the extent this request seeks documents that are already in Defendants' custody and control as far as expert fees and to the extent this request is cumulative and duplication of Req. No. 17 herein. Subject to these objections and without waiving any other objections, see Bates labeled documents PELISHEK 000266 - 000299.**

REQUEST NO. 20: Produce a copy of all documents, communications, and tangible things which in any way support or otherwise relate to any and all damages Plaintiff is claiming from Defendant for lost earnings, lost earning capacity and/or lost benefits resulting from the remaining claims in Plaintiff's Amended Complaint.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request overly broad, vague, ambiguous, and indecipherable. Plaintiff also objects to the extent this Request is cumulative and duplicative of Request No. 19 herein and the extent that documents created or maintained by the City of Sheboygan not otherwise produced are already in**

21

**the Defendants' possession, custody, and control. Subject to these objections and without waiving any other objections, see Bates labeled documents PELISHEK 000001 – 000122, 000124 – 000128, 000154 – 000164, 000202 – 000229, 000231 – 000248, 000249 – 000299, 000743 – 000810, 000930 – 001005.**

REQUEST NO. 21: Produce a copy of all documents regarding each position of employment for which Plaintiff has applied, been offered, or secured since May 12, 2023. Include in your response but do not limit it to, application materials submitted, offers of employment, rejection letters, other communications between you and the prospective employer and information and documents electronically exchanged between you and prospective employers, such as e-mails and attachments. In lieu of obtaining the information requested from third parties, Plaintiff may execute the enclosed Consent to Release of Information in favor of MWH Law Group LLP. If Plaintiff elects to provide the Consent to Release of Information in lieu of documents, Plaintiff must identify all persons or companies that he applied for employment with since May 12, 2023.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request is overly broad, vague, ambiguous, not relevant or proportional to the case under Fed. R. Civ. P. 26(b). Subject to these objections and without waiving any other objections, see Bates labeled documents PELISHEK 000231 – 000248, 000743 – 000812.**

REQUEST NO. 22: Produce a copy of all documents regarding any claim for unemployment benefits or other government program source of benefits that Plaintiff has received since May 12, 2023.

In lieu of obtaining the information, Plaintiff may execute the enclosed Waiver and Authorization in favor of MWH Law Group LLP.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request is vague, ambiguous, and indecipherable as worded. Subject to these objections and without waiving any other objections, no documents exist.**

REQUEST NO. 23: Produce a copy of all documents regarding any source of income that Plaintiff has received since May 12, 2023. This Request includes, but is not limited to, Pelishek Consulting LLC an entity organized by Plaintiff on or about July 12, 2023.

**RESPONSE: *Note: While Defendants are free to pat themselves on the back for speaking to other government officials at the County of Sheboygan who disclosed Plaintiff's attempt to find consulting work after he was rejected from employment, Plaintiff had no intention of withholding this information.***

**Plaintiff objects on the grounds of the general objections and specifically objects that this request is overly broad, ambiguous as to "all documents regarding any source of income" and the burden on Plaintiff to decipher or find every check or receipt is harassing and outweighs any purported benefit to the Defendants since Plaintiff has provided total amounts, documentation, invoices, and tax information that includes his self-employment income—comprising the entirety of what he has earned from Pelishek Consulting LLC, his temporary way of obtaining income prior to his employment with the Village of Harrison after he was rejected from various employment opportunities. Plaintiff also objects to the extent this information can be used by the Defendants or**

23

their affiliates to harass or dox any person or entity that procured Plaintiff's consulting services, and without any agreement or stipulation from the Defendants to avoid such harassment or doxing efforts, Plaintiff will not produce certain confidential or otherwise proprietary information. Subject to these objections and without waiving any other objections, see Bates labeled documents PELISHEK 000249 – 000265, 000964 – 001005.

REQUEST NO. 24: Produce a copy of all corporate federal tax returns, financial records and bank statements for Pelishek Consulting LLC.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request is harassing, overly broad, and not proportional to the needs of the case as far as "corporate" bank records. Plaintiff further objects to the extent that this request is cumulative and duplicative of No. 23 herein. Subject to these objections and without waiving any other objections, Plaintiff does not have corporate tax returns or separate bank statements for the LLC he created when he was unable to find employment.**

REQUEST NO. 25: Produce a copy of all bank statements from May 1, 2023 – the present for any personal checking or savings accounts owned by Plaintiff.

**RESPONSE: gfy Plaintiff objects on the grounds of the General Objections and specifically objects that this request is egregiously harassing, not relevant or proportional to the claims and defenses in this case, overly broad, and seeks information protected under the U.S. Privacy Act that Plaintiff is not required to produce. This request is harassing in seeking Plaintiff's personal checking**

24

and savings accounts that he shares with his wife and which contain numerous amounts that are, in no way, relevant nor helpful to the Defendants or any party in this matter. Plaintiff further objects that the burden on Plaintiff to print over 1 year of bank statements and redact all private information or financial information relating to his wife and children or otherwise irrelevant to this case outweighs any possible benefit the Defendants could have in obtaining this information other than to harass him given that Plaintiff has produced relevant and substantial financial information herein including, but not limited to, his tax returns and invoices from other temporary employment.

REQUEST NO. 26: Produce a copy of all of Plaintiff's federal income returns and related documents filed with said returns for calendar years 2023 – present.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request is overly broad and not proportional to the needs of the case regarding Plaintiff's spouse, children, and their financial information, including any privacy information associated therein. Subject to these objections and without waiving any other objections, see Bates labeled documents PELISHEK 000964 – 001005.**

REQUEST NO. 27: Produce a copy of all documents, communications, and tangible things that have not already been produced in response to any other Request for Production of Documents which in any way support any and all damages Plaintiff is claiming from Defendant resulting from the remaining claims in Plaintiff's Amended Complaint.

25

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request is overly broad, vague, ambiguous, and indecipherable. Subject to these objections and without waiving any other objections, Plaintiff is unaware of any other documents responsive to this request that have not already or otherwise been produced.**

REQUEST NO. 28: Produce copies of the user content (including, but not limited to, posts, messages, chats, etc.) of all social media sites utilized by Plaintiff, including, but not limited to, collaborative projects (e.g., Wikipedia), blogs and microblogs (e.g., Twitter), content communities (e.g., YouTube, TikTok) and social networking sites (e.g., Facebook*, Instagram), for the time period of August 22, 2022 through the present that reveal or refer to: (1) any emotion, feeling or mental state; (2) any events that could reasonably be expected to produce a significant emotion, feeling, or mental state; (3) Defendant, Plaintiff's employment at the City of Sheboygan or resignation from employment at the City of Sheboygan; and (4) Plaintiff's search for employment following the resignation of his employment with the City of Sheboygan. *To satisfy this discovery request with regard to Facebook use Facebook's "Download Your Information" tool, which is accessible through the "Account Settings" drop down menu. If you cannot access content because you disabled or deleted your account, Facebook will, to the extent possible, restore access to allow you to collect and produce the account's content.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request is overly broad, not relevant or proportional to the claims and defenses, oppressive, unduly burdensome in that the burden on Plaintiff to gather this information outweighs any benefit to the Defendants. Plaintiff also objects that the Defendants far larger resources and abilities to search online public information (given that Plaintiff maintains connections with City**

26

employees) is easier for the Defendants and their legal counsel. Subject to these objections and without waiving any other objections, no documents exist to Plaintiff's knowledge. Plaintiff has not gone to social media or the world wide web to broadcast his personal issues or struggles to the general public in a social media context.

REQUEST NO. 29: Produce copies of all communications Plaintiff has made via instant messaging apps, text messages or personal email from August 22, 2022, to the present that relate to any of the remaining claims in Plaintiff's Amended Complaint.

RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request is overly broad, ambiguous and vague as to communications that "relate to any remaining claims" and burdensome on Plaintiff in that the oppression on Plaintiff to obtain and produce messages or emails with everyone he has spoken to, including family members, for the last two years is improper and harassing and even gathering such documents imposes a burden on plaintiff that outweighs any potential benefit to the Defendants. Plaintiff also objects to the extent this request is cumulative and duplicative of Req. Nos. 9 and 11 herein. Subject to these objections and without waiving any other objections, see Bates labeled documents PELISHEK 001642 – 001700.

REQUEST NO. 30: Produce a copy of all documents in the possession or control of, Plaintiff related to each civil lawsuit, action, claim or charge of discrimination, harassment or retaliation you have ever made or commenced in any municipal, state, or federal court or municipal, state, or federal administrative agency.

27

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects to the extent the Defendants have these documents in their possession, custody, and control by Plaintiff's EEOC filings, which were provided to the City and have been published. Plaintiff directs Defendants to his Am. Compl. ECF No. 13, Exs. 1 & 2. Subject to these objections and without waiving any other objections, with the exception of this case and Plaintiff's related EEOC charge, Plaintiff has not filed any other civil action or charge of discrimination.**

REQUEST NO. 31: Produce a copy of all documents relating to any charges made against you, convictions found against you or any guilty pleas you have made related to any criminal offense.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects to the extent this request is overly broad and vague as worded and not relevant or proportional to the claims or defenses in this matter. Plaintiff also objects to the extent that the only complaint made against him to his knowledge was made by Rendall to City officials and Adams and is in the Defendants' possession, custody, and control. (See e.g. City 002140 – 002143). Subject to these objections and without waiving any other objections, no documents exist as to convictions, criminal charges, or guilty pleas related to any criminal offense.**

REQUEST NO. 32: Produce a copy of the curriculum vitae or resume of any expert witness whom Plaintiff intends to call to testify at Trial.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects to the extent this request seeks information that is in the control of third parties and not otherwise in Plaintiff's possession, custody, or control. Plaintiff also objects to the extent that discovery is still ongoing and Plaintiff is not sure who he will call to testify at trial. Subject to these objections and without waiving any other objections see Bates labeled documents PELISHEK 000165 – 000173.**

REQUEST NO. 33: Produce copies of any and all documents provided to or compiled or prepared by any experts that you expect to call at Trial, including, but not limited to, compilations of data, notes, memoranda and all final reports.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that discovery is still ongoing and Plaintiff is not yet certain who he will call to testify at trial in this matter and to the extent that the Defendants have already received Plaintiff's expert reports. Plaintiff otherwise objects that this request is vague, overly broad, ambiguous, indecipherable. Subject to these objections and without waiving any other objections, see Bates labeled documents PELISHEK 000001 – 000128, 000743 – 000925, 000129 – 000134, 000154 – 000164, 000202 – 000229.**

REQUEST NO. 34: Produce copies of any and all documents prepared by an expert for consultation use if it forms a basis, in whole or in part, of the opinions of an expert who is expected to be called as a witness at Trial.

29

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request is vague, ambiguous, overly broad, seeks documents that are not in Plaintiff's possession, custody, and control, and to the extent it is cumulative and duplicative of Req. No. 33 herein. Plaintiff further objects to the extent that discovery is still ongoing, and Plaintiff has not yet determined what an expert witness will testify to at trial.**

REQUEST NO. 35: Produce copies of any and all deposition transcripts of testimony given in any other case by any expert witness designated by Plaintiff in this litigation that includes opinions on the same subject matter that any expert witness designated by Plaintiff renders an opinion on in this litigation.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request seeks documents that are not in Plaintiff's possession, custody, and control, and this request is vague, overly broad, ambiguous as to time frame or duration. Subject to these objections and without waiving any other objections, see Bates labeled document PELISHEK 000174.**

REQUEST NO. 36: Produce copies of all final reports issued in any other litigation by an expert designated by Plaintiff to testify in this litigation that includes opinions on the same subject matter that any expert witness designated by Plaintiff renders an opinion on in this litigation.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request is vague and overly broad. Subject to these objections and without waiving any other objections, see Bates labeled documents PELISHEK 000174 – 000201.**

30

REQUEST NO. 37: Produce copies of all articles, books, treatises and/or presentations given by any expert witness designated by Plaintiff in this litigation that includes information on the same subject matter that any expert witness designated by Plaintiff renders an opinion on in this litigation. Plaintiff can identify the books and treatises in lieu of providing copies.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request is unduly burdensome in that the burden on Plaintiff outweighs any potential benefit to Defendants, oppressive, vague, ambiguous, and indecipherable. Plaintiff also objects that this request seeks copies of documents or other tangible items that are not otherwise in Plaintiff's possession custody and control. Plaintiff has produced to Defendants one list of books or treatises published by at least one expert that Defendants are free to review or obtain with their far larger resources. Subject to these objections and without waiving further objections, see Bates labeled documents PELISHEK 000135 - 000153.**

REQUEST NO. 38: Produce true and complete copies of all exhibits you intend to offer into evidence or use for any other purpose at trial.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request is untimely as Plaintiff is not yet certain exactly which documents will be offered as exhibits in evidence at trial, and Plaintiff objects to the extent this request seeks documentation or information in plaintiff's possession that might be used as impeachment ('for any other use") which Plaintiff is not required to produce under the Federal Rules.**

31

REQUEST NO. 39: Produce true and complete copies of all demonstrative exhibits you intend to offer into evidence or use for any other purpose at trial.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects that this request is untimely as Plaintiff is not yet certain exactly which documents will be offered as exhibits in evidence at trial, and Plaintiff objects to the extent this request seeks documentation or information in plaintiff's possession that might be used as impeachment ('for any other use") which Plaintiff is not required to produce under the Federal Rules.**

Executed and served via email with a copy and flash drive of all documents and tangible items via USPS Priority Mail on: July 26, 2024.

DEMASTER LAW LLC

*/s/ Jennifer DeMaster*
Jennifer DeMaster
Wis. Bar No. 1124201
attorney@jenniferdemaster.com
jennifer@demasterlaw.com
DEMASTER LAW LLC
361 Falls Rd Ste 610
Grafton, WI 53024
Phone: (414) 235-7488
Fax: (262) 536-0515
*Attorney for Plaintiff*
