UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TODD WOLF,

       Plaintiff,

v.

Case No. 23-cv-149

CITY OF SHEBOYGAN, MAYOR RYAN SORENSON in his individual and official capacities, CITY ATTORNEY CHARLES ADAMS in his individual and official capacities, ALDERPERSONS ON SHEBOYGAN'S COMMON COUNCIL, BARBARA FELDE, ROBERTA FILICKY-PENESKI, AMANDA SALAZAR, ANGELA RAMEY, BETTY ACKLEY, ZACHARY RUST, DEAN DEKKER, GRAZIA PERRELLA, all in their individual and official capacities; SHEBOYGAN AREA SCHOOL DISTRICT BOARD MEMBER MARY LYNNE DONOHUE, in her individual and official capacities; MAYA HILTY, and JILL PEDIGO HALL,

       Defendants.

### CITY OF SHEBOYGAN'S RESPONSES TO PLAINITFF'S REQUESTS FOR ADMISSIONS

TO:    Jennifer DeMaster
           DeMaster Law LLC
           361 Falls Road, #610
           Grafton, WI 53024
           attorney@jenniferdemaster.com

     **NOW COMES** Defendant City of Sheboygan, and provides the following responses to Plaintiff, Todd Wolf's Request for Admissions.

# REQUESTS FOR ADMISSION

**REQUEST TO ADMIT 1:** Admit that the Letter attached to the Complaint (ECF No. 36) as Exhibit 9 – November Leave Directives is a true and accurate copy of leave directives that were served on Todd Wolf the evening of November 7, 2022, by the Sheboygan Police Department.

> **ANSWER: In responding to Request to Admit 1, Defendant City of Sheboygan admits only that Exhibit 9 to the Plaintiff's Amended Complaint is an accurate copy of the November 7, 2022 letter from City Attorney Adams to Plaintiff.**

**REQUEST TO ADMIT 2:** Admit that letter dated November 28, 2022, is an authentic copy of other directives the Council ordered the City Attorney to place on plaintiff.

> **ANSWER: Defendant City of Sheboygan cannot admit or deny Request to Admit 2 because Plaintiff did not attach a copy of the purported November 28, 2022 letter nor refer Defendant to any attachment to a pleading.**

**REQUEST TO ADMIT 3:** Admit that the Common Council did not provide Mr. Wolf with any hearing between November 7, 2022, and at any point after his termination based upon the legal advising of City Attorney Charles Adams as stated in the Defendants brief and motion to dismiss (ECF No. 47) and the City Defendants' Answer to the Amended Complaint ¶ 233.

> **ANSWER: Defendant City of Sheboygan objects to Request to Admit 3 because it seeks information that is not relevant to the claims and defenses in the above-captioned cause of action and is not proportional to the needs of the case. Defendant affirmatively states that Plaintiff did not assert Claim Five or Six against the City of Sheboygan, which contain his due process violation claims. The only claim asserted against the City of Sheboygan is Claim 3, which alleges that Sheboygan Municipal Ordinance § 18-3 is facially invalid. Defendant further objects to this request on the**

grounds that it assumes facts not established and assumes as true false statements from Plaintiff.

Subject to and without waiving its objections, Defendant City of Sheboygan denies Request 3 as stated. Defendant denies that it stated in its Brief in Support of its Motion to Dismiss Plaintiff's Amended Complaint that the Common Council denied Plaintiff a hearing between November 7, 2022 and his termination based upon City Attorney Adams legal advice. Rather, Defendants asserted that *Plaintiff alleged in his Amended Complaint* that City Attorney Adams told the Common Counsel that Plaintiff's employment agreement allowed them to terminate his employment without cause. (*See* Dkt. 47, P. 35 of 80) As stated in Defendants' Answer to Plaintiff's Amended Complaint ¶ 233, Defendant affirmatively stated that Attorney James Macy advised Common Counsel that terminating Plaintiff without cause was a permitted course of action. When Common Council asked if City Attorney Adams agreed, he indicated that outside counsel was the expert on such matters and he felt comfortable relying on their expertise. (*See* Dkt. 65, Answer to ¶ 233)

**REQUEST TO ADMIT 4:** Admit that the Common Council did not provide Wolf with any hearing regarding the investigation prior to, or reasonably after, his termination as City Administrator on January 9, 2023. (This is shown in the Agenda and Resolution, which is located on the CivicPlus, City of Sheboygan, Municipal Portal, Agendas under January 3, 2023 (Nineteenth Regular Common Council Meeting) and January 9, 2023 (Third Special Common Council Meeting) Minutes., *available at* https://sheboygan-wi.municodemeetings.com/.)

> **ANSWER:** Defendant City of Sheboygan objects to Request to Admit 4 as cumulative and duplicative of Request to Admit 3. Defendant City of Sheboygan further objects to Request to Admit 4 because it seeks information that is not relevant to the claims and defenses in the above-captioned cause of action and is not proportional to the needs of the case. Defendant City of Sheboygan affirmatively states that Plaintiff did not assert Claim Five or Six against the City, which contain his due process violation claims. The only claim asserted against the City of Sheboygan is Claim 3, which alleges that Sheboygan Municipal Ordinance § 18-3 is facially invalid.

**REQUEST TO ADMIT 5:** Admit the Alderpersons Felde, Filicky-Peneski, Salazar, Ramey, Perrella, Rust, Dekker, and Ackley voted to terminate Todd Wolf "without cause" on January 4, 2023 solely to avoid giving Wolf any hearing or opportunity for a hearing.

> **ANSWER:** Defendant City of Sheboygan objects to Request to Admit 5 because it seeks information that is not relevant to the claims and defenses in the above-captioned cause of action and is not proportional to the needs of the case. Defendant affirmatively states that Plaintiff did not assert Claim Five or Six against the City, which contain his due process violation claims. The only claim asserted against the City of Sheboygan is Claim 3, which alleges that Sheboygan Municipal Ordinance § 18-3 is facially invalid.

**REQUEST TO ADMIT 6:** Admit that, prior to January 9, 2023, the Common Council was aware that the Leave Directives from Requests Nos. 1 and 2 above were imposed on Todd Wolf in November 2022.

**ANSWER:** Defendant City of Sheboygan objects to Request to Admit 6 because it seeks information that is not relevant to the claims and defenses in the above-captioned cause of action and is not proportional to the needs of the case. Defendant affirmatively states that Plaintiff did not assert Claim One against the City, which contains his First Amendment prior restraint claim. The only claim asserted against the City of Sheboygan is Claim 3, which alleges that Sheboygan Municipal Ordinance § 18-3 is facially invalid.

Subject to and without waiving its objections, Defendant City of Sheboygan denies Request to Admit 6 as stated. Defendant City of Sheboygan admits only that City Attorney Adams issued letters to Plaintiff on November 7 and November 28, 2022 respectively. Defendant City of Sheboygan admits that Mayor Sorenson and Alderperson Felde received a copy of the November 7, 2022 letter and that Alderpersons Felde and Filicky-Peneski received a copy of the November 28, 2022 letter. Defendant City of Sheboygan denies, upon information and belief, that the remaining Alderpersons received a copy of the November 7 or November 28, 2022 letter or were otherwise advised of the specific content in each of those letters.

**REQUEST TO ADMIT 7:** Admit that the Council did not provide Todd Wolf with the opportunity for a hearing before Ryan Sorenson's published statements on January 10, 2023 in the Sheboygan Press relating to Todd Wolf and/or the investigation or Wolf's termination, which is located at Amended Complaint, Dkt. 36, Exhibit 14 – Hilty's January 10 Article.

**ANSWER:** Defendant City of Sheboygan objects to Request to Admit 7 as cumulative and duplicative of Requests to Admit 3 and 4. Defendant City of Sheboygan further objects to Request to Admit 7 because it seeks information that

is not relevant to the claims and defenses in the above-captioned cause of action and is not proportional to the needs of the case. Defendant City of Sheboygan affirmatively states that Plaintiff did not assert Claim Five or Six against the City, which contain his due process violation claims. The only claim asserted against the City of Sheboygan is Claim 3, which alleges that Sheboygan Municipal Ordinance § 18-3 is facially invalid.

**REQUEST TO ADMIT 8:** Admit that the City never provided Todd Wolf with any hearing before the Common Council relating to the investigation before or after he was terminated on January 9, 2023.

> **ANSWER:** Defendant City of Sheboygan objects to Request to Admit 8 as cumulative and duplicative of Requests to Admit 3, 4 and 7. Defendant City of Sheboygan further objects to Request to Admit 8 because it seeks information that is not relevant to the claims and defenses in the above-captioned cause of action and is not proportional to the needs of the case. Defendant City of Sheboygan affirmatively states that Plaintiff did not assert Claim 5 or 6 against the City, which contain his due process violation claims. The only claim asserted against the City of Sheboygan is Claim 3, which alleges that Sheboygan Municipal Ordinance § 18-3 is facially invalid.

**REQUEST TO ADMIT 9:** Admit that the City has never provided Todd Wolf with a public hearing opportunity before the Council relating to allegations that he made false statements about political activists threatening him for City money.

> **ANSWER:** Defendant City of Sheboygan objects to Request to Admit 9 as cumulative and duplicative of Requests to Admit 3, 4, 7 and 8. Defendant City of

**Sheboygan further objects to Request to Admit 9 because it seeks information that is not relevant to the claims and defenses in the above-captioned cause of action and is not proportional to the needs of the case. Defendant City of Sheboygan affirmatively states that Plaintiff did not assert Claim 5 or 6 against the City, which contain his due process violation claims. The only claim asserted against the City of Sheboygan is Claim 3, which alleges that Sheboygan Municipal Ordinance § 18-3 is facially invalid.**

**REQUST TO ADMIT 10:** Admit that the City retained von Briesen and Roper, s.c. attorneys Jill Hall and James Macy in 2022 regarding allegations relating to Todd Wolf.

**ANSWER: Defendant City of Sheboygan objects to Request to Admit 10 because it seeks information that is not relevant to the claims and defenses in the above-captioned cause of action and is not proportional to the needs of the case. The only claim asserted against the City of Sheboygan is Claim 3, which alleges that Sheboygan Municipal Ordinance § 18-3 is facially invalid.**

**Subject to and without waiving its objections, Defendant City of Sheboygan admits that on or about November 14, 2022, it retained the law firm of von Briesen & Roper to investigate matters regarding the activities and communications of Plaintiff as well as investigate allegations asserted by Plaintiff in his November 7, 2022 letter to Common Council.**

**REQUEST TO ADMIT 11:** Admit that the Mayor for the City of Sheboygan is the presiding officer over the Common Council and is tasked with ensuring that City Ordinances are upheld.

**ANSWER: Defendant City of Sheboygan admits Request to Admit 11.**

**REQUEST TO ADMIT 12:** Admit that Todd Wolf was supervised by the Common Council, who had sole authority to terminate him (Wolf) from his position as City Administrator for the City of Sheboygan.

**ANSWER: Defendant City of Sheboygan admits Request to Admit 12.**

**REQUEST TO ADMIT 13:** Admit that the Email and "Request for Proposal" ("RFP") attached as Exhibit 8 to Plaintiff's Amended Complaint (Dkt. 36) is an authentic copy of an email and later attachment sent by Defendant Mary Lynne Donohue to members of the City's Common Council on or around October 28, 2022.

**ANSWER: In responding to Request to Admit 13, Defendant City of Sheboygan admits only that Exhibit 8 to the Plaintiff's Amended Complaint is an accurate copy of the October 28, 2022 email sent by Mary Lynne Donohue. Defendant City of Sheboygan cannot admit or deny the remainder of Request to Admit 13 because there is no attachment to the email included as part of Exhibit 8 to Plaintiff's Amended Complaint.**

Dated this 13th of December, 2023.

          **MWH LAW GROUP LLP**
Attorneys for Defendants City of Sheboygan, Mayor Ryan Sorenson, City Attorney Charles Adams, Alderperson Betty Ackley, Alderperson Dean Dekker, Alderperson Barbara Felde, Alderperson Roberta Filicky-Peneski, Alderperson Grazia Perrella, Alderperson Angela Ramey, Alderperson Zachary Rust, Alderperson Amanda Salazar, and President Sheboygan Area School District Mary Lynne Donohue

By: /s/ *Electronically signed by Warren E. Buliox*
Warren E. Buliox        SBN 1056215
Julie T. Bittner          SBN 1128144
Kerrie M. Murphy       SBN 1122869

735 N. Water Street, Suite 610
Milwaukee, WI 53202
Telephone: (414) 436-0353
Facsimile: (414) 436-0354
*warren.buliox@mwhlawgroup.com*
*julie.bittner@mwhlawgroup.com*
*kerrie.murphy@mwhlawgroup.com*