UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**CHAD PELISHEK,**

**Plaintiff,**

v.　　　　　　　　　　　　　　　　　　**Case No. 23-CV-1048**

**CITY OF SHEBOYGAN, et al.,**

**Defendants.**

---

**ORDER**

---

In a Motion for Sanctions or in the Alternative to Compel (ECF No. 57), Chad Pelishek accused the defendants of "spoliation of evidence, intentional withholding and bad faith discovery tactics" and sought "an order entering default judgment against the Defendants as a sanction." (ECF No. 57 at 1.) He accused the defendants and their attorneys of having "engaged in repeated abusive and contumacious discovery practices to perjure, withhold, obstruct and delay relevant discovery." (ECF No. 58 at 16.) As an alternative to harsh sanctions, he asked that the court compel the production of certain discovery. (ECF No. 58 at 27.)

On January 29, 2025, the court denied Pelishek's motion in its entirety. *Pelishek v. City of Sheboygan*, No. 23-CV-1048, 2025 U.S. Dist. LEXIS 15593 (E.D. Wis. Jan. 29, 2025).

Because the court denied Pelishek's motion to compel, in accordance with Fed. R. Civ. P. 37(a)(5)(B) the court gave the defendants an opportunity to seek "reasonable expenses incurred in opposing the motion, including attorney's fees." *Pelishek*, 2025 U.S. Dist. LEXIS 15593, at *28 (quoting Fed. R. Civ. P. 37(a)(5)(B)).

The defendants on February 12, 2025, submitted a request for $45,370.00 in attorney fees (ECF No. 103), which reflects a reduction from the total of $72,975 that defendants allegedly incurred responding to the whole of the plaintiff's motion (ECF No. 104, ¶ 11).

In response, Pelishek argues that the defendants are not entitled to any expenses because his motion was substantially justified. (ECF No. 110 at 1); *see* Fed. R. Civ. P. 37(a)(5)(B) (stating that a court must not award reasonable expenses "if the motion was substantially justified or other circumstances make an award of expenses unjust").

The parties' briefing overlooks a foundational matter—Fed. R. Civ. P. 37(a)(5)(B) authorizes a court to award fees only with respect to the successful defense of a motion to compel under Rule 37(a). *See Exe v. Fleetwood RV, Inc.*, Civil Action No. 1:11-CV-70-JVB-RBC, 2014 U.S. Dist. LEXIS 204299, at *6 (N.D. Ind. June 12, 2014). The bulk of Pelishek's motion arose under Rule 37(e).

Unlike Rule 37(a), Rule 37(e) does not contain a fee shifting provision. The defendants have not presented any authority supporting their claim for fees associated

with their defense of Pelishek's spoliation motion, and consequently they have waived any such argument. *See United States v. Hook*, 195 F.3d 299, 310 (7th Cir. 1999).

The court already found that the defendants failed to show that plaintiff's counsel's conduct met the high standard for sanctions under 28 U.S.C. § 1927. *Pelishek*, 2025 U.S. Dist. LEXIS 15593, at *29. The defendants having failed to demonstrate that expenses they incurred in responding to the spoliation aspect of Pelishek's motion are compensable, the court limits its analysis to the portion of Pelishek's motion related to his efforts to compel discovery from the defendants.

There is a presumption that the loser of a motion to compel under Rule 37(a) will pay the other side's expenses, including attorney fees. *See Rickels v. City of S. Bend*, 33 F.3d 785, 786 (7th Cir. 1994). This fee shifting provision exists to foster the expectation that parties manage discovery, including any disputes, amongst themselves. *Id.* at 786-87. "The resources of the courts would be taxed beyond endurance if more than a tiny percentage of discovery or disclosure proceedings generated disputes that judges were forced to resolve." 7 Moore's Federal Practice - Civil § 37.23.

A losing party may avoid having to pay the prevailing party's reasonable attorney fees only if he can show either that "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). "A motion to compel is 'substantially justified' if it is 'justified to a degree that could satisfy a reasonable person.'" *Downing v. SMC Corp. of Am.*, No. 1:20-cv-01954-JPH-MJD, 2023 U.S.

3

Dist. LEXIS 2355, at *3 (S.D. Ind. Jan. 5, 2023) (quoting *United States v. Pecore*, 664 F.3d 1125, 1137 (7th Cir. 2011) (discussing "substantially justified" as used in the Equal Access to Justice Act)).

There were five matters that Pelishek alleged the defendants had improperly withheld: (1) information about a transfer employee; (2) the city's use of the Mitel phone system; (3) a specific email; (4) texts between two employees; and (5) identification of all documents that were deleted or altered in the city since November 7, 2022. *Pelishek*, 2025 U.S. Dist. LEXIS 15593, at *20-*25.

Pelishek has failed to show that his motion to compel was substantially justified. In addition to failing to prove that he appropriately demanded all the discovery that the defendants allegedly failed to produce, the alleged non-production appears to have been largely the product of poorly drafted discovery requests, plaintiff's counsel's misunderstandings, or plaintiff's counsel simply disbelieving that certain discovery did not exist. It was the sort of motion that never should have merited court intervention, much less counsel's hyperbolic allegations of an "egregious violation of discovery rules" and that defendants had engaged in "blatant perjury." In short, Pelishek's was precisely the sort of motion that the threat of fee-shifting exists to deter. *See* 7 Moore's Federal Practice - Civil § 37.23.

Pelishek alternatively argues that awarding the defendants attorney fees would be unjust because counsel acted in good faith, the case has been contentious and complex,

the defendants contributed to the discovery issues, and the motion served a legitimate purpose. (ECF No. 110 at 15.)

The fee shifting provision of Rule 37(a) is compensatory, not punitive; it exists to make the successful party whole. *See Sartin v. Chula Vista Inc.*, No. 18-CV-1890, 2021 U.S. Dist. LEXIS 220774, at *3 (E.D. Wis. Nov. 15, 2021) (quoting *Rickels v. City of S. Bend*, 33 F.3d 785, 787 (7th Cir. 1994)). A movant's good faith does not excuse his liability for attorney fees for an unsuccessful motion to compel. If it did, Rule 37(a)(5)(B) would be largely redundant to 28 U.S.C. § 1927. The case has been contentious and complex, but much of that contentiousness and complexity has been, from the court's perspective, needless and largely attributable to plaintiff's counsel's litigation strategy. Although blame is rarely wholly one-sided, nothing attributable to the defendants makes awarding them fees unjust. And, finally, Pelishek's argument that his motion served a legitimate purpose is unpersuasive. This purpose could have, and thus should have, been served had plaintiff's counsel conscientiously and collaboratively worked with defense counsel to find an agreement regarding the specific disputes before turning to the court. But the record provided to the court of the exchanges between counsel indicate that plaintiff's counsel was largely intransigent in her demands and failed to heed well-warranted suggestions that she reassess her positions. (*See, e.g.*, ECF No. 59-14 at 1-5 (email exchange among counsel regarding limiting search to particular keywords).)

Thus, the court turns to the question of the amount of fees. The court calculates reasonable attorney fees using the lodestar method of multiplying the reasonable hours expended by a reasonable hourly rate. *Dees v. Davis*, No. 1:22-cv-00163-HAB-SLC, 2024 U.S. Dist. LEXIS 69938, at *6 (N.D. Ind. Apr. 16, 2024). The party seeking the fees bears the burden of showing the reasonableness of both the time expended and the hourly rate. *Id*.

Pelishek offers rote objections to the defendants' fee request—the hours are excessive; the defendants unnecessarily used multiple attorneys; the billings included unrelated work; and counsel failed to establish the reasonableness of their hourly rates. (ECF No. 110 at 16-17.) These arguments are undeveloped and unsupported.

Nearly $50,000 for a discovery motion is extraordinary, but it was Pelishek who levied a hyperbolic and personal attack against the defendants for which he sought the nuclear sanction of default. It is hardly surprising that the defendants would vigorously defend themselves against such an attack. Against that backdrop, the hours expended are not excessive.

The use of multiple attorneys, particularly the use of an associate and a partner, is a routine cost *savings* measure. It allows a lower cost associate to perform many tasks, while reserving a higher cost partner for tasks that require additional expertise. Although over-staffing a case may result in unwarranted fees, Pelishek fails to identify any instance

indicative of over-staffing. And the court has not identified any impermissible over-staffing from the billing records.

Pelishek accuses the defendants of billing for unrelated work because billing records indicate that time was "spent reviewing discovery and depositions from a separate case (Wolf v. Sheboygan, No. 23-CV-149), which was irrelevant to Plaintiffs' motion and their opposition brief." (ECF No. 110 at 16.) Pelishek does not expand on this argument or point to any specific billing entry but instead argues that any entry referencing Wolf must be categorically excluded as unrelated. However, there were many ways in which the *Wolf* case and its associated discovery were relevant to Pelishek's motion. For example, Pelishek seemed to assume that circumstances related to Wolf's case triggered the defendants' duty to preserve evidence with respect to Pelishek.

As to counsel's reasonable hourly rate, they proposed a rate of $300 per hour for partners and $250 per hour for associates, which are the rates that counsel billed their clients for the relevant work. Pelishek objects because counsel has not presented evidence regarding the reasonableness of this rate in the local community. But an hourly rate paid by fee-paying client is prima facie evidence of reasonableness, and relying on the rate an attorney receives from a fee-paying client is the preferred means of determining a reasonable hourly rate. *See Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 743 (7th Cir. 2003).

The court may also rely on its own familiarity with the local legal market, and in light of this knowledge finds that $300 per hour for a partner and $250 per hour for an associate are reasonable for this type of work by attorneys of comparable experience.

However, as noted, the defendants' request for fees reflects those incurred with respect to the entirety of their response to Pelishek's motion. The defendants have shown only that the expenses incurred regarding Pelishek's motion to compel are recoverable. It is impossible to precisely calculate a sum from the billing records provided, but such precision is not required; the standard is one of reasonableness.

In determining the extent to which the time expended would have related to Pelishek's motion to compel, the court is guided by its own experience in reviewing the motion and drafting its decision. Pelishek's spoliation motion constituted the majority of his motion and required the lion's share of the court's time (and thus presumably defense counsel's time) to resolve.

Tallying pages is a highly imprecise means of gauging time, but it is worth noting that a little over three pages (ECF No. 58 at 27-30) of the roughly 25 substantive pages of his brief in support of his motion (ECF No. 58 at 6-30) were directly related to his motion to compel. For the defendants' response, the figure was roughly 10 pages (ECF No. 81 at 40-49) out of 45 (ECF No. 81 at 7-51). And roughly eight pages of the 24 pages of the court's decision relevant to Pelishek's motion related to the motion to compel. This

method suggests that anywhere from 12 percent to a third of the time spent on the whole of Pelishek's motion may have been related to the motion to compel.

But the words on the page often have only the barest correlation to the relative time expended, and the vast discrepancy among these figures reinforces that. The court is also mindful of the fact that it is forced into imprecision because of the defendants' request for all of the fees they incurred in responding to Pelishek's motion.

In light of those considerations, the court finds that 18 percent of the expenses that the defendants incurred responding to Pelishek's motion can be attributable to Pelishek's motion to compel. This figure, which works out to just shy of 30 total hours divided equally between an associate and a partner, aligns with the court's experience in having litigated similar motions in private practice and the time it expended resolving the present motion. Accordingly, pursuant to Fed. R. Civ. P. 37(a)(5)(B), the court awards the defendants the sum of $8,166.60 in "reasonable expenses incurred in opposing the motion, including attorney's fees." This sum shall be payable by plaintiff's counsel, Jennifer DeMaster.

Finally, Pelishek calls the defendants' demand for payment within 60 days an "unreasonable" "accelerated deadline." He asks that fees not be due until after judgment is entered in this matter. (ECF No. 110 at 17-18.) The defendants oppose this, noting that Pelishek has failed to cite any authority in support. (ECF No. 129 at 10.)

9
Case 2:23-cv-01048-WED    Filed 03/12/25    Page 9 of 10    Document 136

Although the norm and the expectation under Rule 37(a) likely is immediate payment, absent a reason to conclude that immediate payment is necessary to deter ongoing misconduct, the court routinely delays the obligation to pay fee awards until the entry of judgment. *See, e.g.*, *Sartin v. Chula Vista Inc.*, No. 18-CV-1890, 2021 U.S. Dist. LEXIS 220774, at *6 (E.D. Wis. Nov. 15, 2021). The court finds it appropriate to do so here.

**IT IS THEREFORE ORDERED** that the defendants' motion for reasonable expenses under Fed. R. Civ. P. 37(a)(5)(B) is granted. Plaintiff's counsel, Jennifer DeMaster, shall pay to the defendants the sum of **$8,166.60** not later than 28 days after the entry to judgment in this matter.

Dated at Milwaukee, Wisconsin this 12th day of March, 2025.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge