# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHAD PELISHEK,

                Plaintiff

v.                                                  Case No. 2:23-CV-1048

CITY OF SHEBOYGAN, et al.,

                Defendants.

### PLAINTIFF CHAD PELISHEK'S *AMENDED* AND SUPPLEMENTAL RESPONSES TO DEFENDANT CITY OF SHEBOYGAN'S INTERROGATORIES ON PLAINTIFF

Plaintiff Chad Pelishek, through his undersigned counsel, amends and supplements his discovery responses as set forth more fully below. These responses and supplementations incorporate and maintain all objections provided by Plaintiff except as set forth and stated below. To the extent any response herein amends a previous response, the specific responses set forth below will reference such amendments or clarifications following the parties' conferencing and communications between July 31 – September 6, 2024. All other responses herein are supplementations to Plaintiff's responses.

### INTRODUCTORY STATEMENT

In accordance with the parties' conference between Plaintiff's counsel and Defendants' counsel Warren Buliox on September 6, Plaintiff withdraws the following objections: (1) those relating *specifically* to combining interrogatories from the City and the individual Defendants as to number of interrogatories, (2) those that state the Defendants already know or have access to this information, and (3) those that relate to any cumulative or duplicative requests from the individual defendants and the City of Sheboygan (e.g. objections that requests by individual Defendants are cumulative of requests by the City with the exception of the pointing the individual Defendants to any responses relevant to said requests. Where indicated below, a brief description of our conferencing has been provided to clarify each amended or supplemented answer where indicated below. Plaintiff reserves the right to further supplement these responses and will supplement any other responses otherwise addressed at our conference that are not provided here no later than September 17, 2024.

As to responses that Plaintiff has withdrawn his verification for and amended herein, Plaintiff *amends* his responses to the City Interrogatories 4, 6, 7, 9, 10, 14 and to the individual Defendant interrogatories 2, 6, 8, 10, 11 based on parties' discussions and misunderstandings of the questions as well as inadvertent legal conclusions or case law provided in previous responses. As stated in the email,

with Plaintiff (Rendall) and Todd Wolf (Ale and Jamie),
- Straight white men like Plaintiff have no protected status and any complaints they raise are not "protected conduct".
- that straight men are not defended or protected from negative public perceptions as Rendall-Araujo was defended and exonerated with the Hall/Adams report (falsely).
- that the City's false statements policies in their handbook and ordinances only apply to heterosexual white men, and women are allowed to spread false things about men (like Rendall-Araujo saying Plaintiff made multiple slurs when HR Director told Plaintiff she was allowed to do that because she is female and he just has to let it play out).
- that only non-white persons, females, or LGBTQ persons should be protected and treated fairly and straight white men are inherently racist that cannot say racial slurs like non-white persons or females can which Plaintiff learned from City's DEI trainings and personnel.
- Practice that straight white men who complain about a female against City's directives (e.g. Todd Wolf) or defend straight white men (like Plaintiff) are publicly investigated, accused of misconduct, fired, and have police sent to their homes.
- City never ostracized any female employees who filed lawsuits against the City (like Vicky Schneider or Abigail Hernandez, etc.) nor went after their attorneys as they did with Todd Wolf's attorney (February 7 directives).
- March 8 directives, February 7 directives.

INTERROGATORY NO. 14: Identify each and every fact that you rely on to support your prior restraint claim against the City of Sheboygan set forth in your Fourth Cause of Action contained in Plaintiff's Amended Complaint.

**AMENDED & SUPPLEMENTED RESPONSE: Plaintiff renews his original objections subject to those withdrawn per the parties' conferencing and the introductory statement herein. Subject to these objections, Plaintiff hereby withdraws his interrogatory response to this question delivered originally on July 26, and provides the following Amended response:**

- **February 7 directives prohibited plaintiff from speaking to his lawyer. The language of the directives did not have any exceptions for other communications.**
- **The City Attorney's office generally issues all directives and guidance that touch on "legal" matters but there were no objections about speaking to persons referenced in the February directives about things outside of Wolf's lawsuit and no one at the City ever clarified or narrowed that.**
- **All council members and the mayor (all employees) got those directives and while Plaintiff was employed, no one ever changed them.**
- **Plaintiff did not talk to lawyer or any lawyer until going on FMLA leave around end of March 2023. The directives from the City Attorney's office were issued right after Mayor and Adam Westbrook told Plaintiff he was the "main witness" in Todd Wolf's lawsuit**

INTERROGATORY NO. 15: Identify each and every fact that you rely on to support your prior restraint claim against the City of Sheboygan set forth in your Fifth Cause of Action contained in Plaintiff's Amended Complaint.

11

**SUPPLEMENTAL RESPONSE:** Plaintiff renews his original objections subject to those withdrawn per the parties' conferencing and the introductory statement herein. Subject to these objections, Plaintiff states the following:
- Prior to March 8 directives, Westbrook showed Plaintiff a copy of the Hall/Adams report. Plaintiff said the report did not accurately reflect his interview or what happened and he was concerned about report.
- Westbrook acknowledged that the report differed from Plaintiff's account of what happened and what Plaintiff told Hall.
- After this conversation, Westbrook issued March 8 directives and email language that the Hall/Adams Report was the "official story" of what happened and no one on the email could dispute that report/directives.
- The Report related to Todd Wolf lawsuit against the City and Plaintiff was told he would be a "main witness" in the Wolf lawsuit and need to talk about the directives. Plaintiff felt like he was being asked to lie as a witness in a lawsuit or that he would be fired and accused of false statements if he made any further remarks that disputed the Hall/Adams report facts.
- Plaintiff believed the directives were aimed mainly to make sure he did not tell anyone else what he said to Hall or what happened with the DEI meeting or racial slur incident.
- The March 8 directives had no exceptions for communications to Plaintiff's wife or any lawyer or friends even though the City was publishing the Report to the public and including my name again about the racial slur. The March directives were issued right after Plaintiff said he would testify that the Hall/Adams Report was false.

INTERROGATORY NO. 16: State the factual basis for your claim for punitive damages against the City of Sheboygan set forth in Plaintiff's Amended Complaint.

*9/6 Conference: Attorney Buliox stated the Defendants were only seeking a good faith attempt by Plaintiff to summarize the information responsive to this request. Inadvertently, we did not more carefully review our original response prior to our conference and see that it was responded to as set forth here and supplemented for clarity. As stated above, we agreed to withdraw our objection that this exceeds 25 interrogatories for the City and upon further review and assessment this question falls within the 25 interrogatory limit for the City of Sheboygan.*

**SUPPLEMENTED RESPONSE:** This interrogatory following all previous interrogatories, and all unrelated subparts contained herein totals 25 interrogatories. Plaintiff has already responded to this interrogatory stating that he is not seeking punitive damages from the City of Sheboygan, a municipality in his Amended Complaint. Plaintiff directs the City to review his original response to this Interrogatory.


INTERROGATORY NO. 17: Please describe in detail the amount and nature of the damages you are seeking from City of Sheboygan, identifying specifically:
a. Each specific type and occurrence of damage.
b. The method or reasoning for your calculations of those damages.

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHAD PELISHEK,

          Plaintiff

  v.                                                                                  Case No. 2:23-CV-1048

CITY OF SHEBOYGAN, et al.,

          Defendants.

---

## VERIFICATION

---

I, Chad Pelishek, verify that upon further review, I have withdrawn my verification for the Interrogatory responses served July 26, 2024, for City Interrogatories 4, 6, 7, 9, 10, 14 and Individual Defendant Interrogatories 2, 6, 8, 10, 11 and have amended those responses as set forth here to provide only factual information according to my personal knowledge. I have read the *amended* and supplemented responses in the foregoing document and upon information and belief verify that the matters stated in the foregoing document are true and correct. I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge.

Dated: September 11, 2024

                                                                                                */s/ Chad Pelishek*
                                                                                                Chad Pelishek