UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHAD PELISHEK,

    Plaintiff

v.                                                                    Case No. 2:23-CV-1048

CITY OF SHEBOYGAN, et al.,

    Defendants.

---

**NOTICE OF ERRATA FOR ECF 143**

---

    On April 11, 2025, Counsel for Plaintiff filed his Brief in Opposition to Summary Judgment (ECF 143). Counsel for Defendants reply has not been filed. On April 29, 2025, Plaintiff discovered *sua sponte* that some of the descriptions of the cited cases were not accurate or that typographical errors existed. Plaintiffs have, therefore, made edits to reflect a more accurate description, removed typographical or clerical errors, and deleted an errant case citation. The corrections are noted in the attached table. None of the corrections make any substantive change whatsoever and do not change the argument of the parties. Other than what is shown in the table below, Plaintiff has made no other changes to these documents.

    The corrected version of the Brief in Support of Plaintiffs' Motion for Partial Summary Judgment is filed simultaneously with this Notice of Errata.

| Page No. | Original | Correction |
|---|---|---|
| 2 (removed quotes) | *Stumph v. Thomas & Skinner, Inc.*, 770 F.2d 93, 97 (7th Cir. 1985). As the Seventh Circuit has explained, "summary judgment is seldom appropriate in cases where motive or intent are at issue." | As the Seventh Circuit has explained, summary judgment is seldom appropriate in cases where motive or intent are at issue. |
| 3 (clerical/typo) | Footnote 1: "…incorporates by reference the Defendants Proposed Findings of Fact, CITE ECF, hereinafter referred to as "DPF." Footnote 2: "…incorporates by reference the its simultaneously filed Statement of Additional Facts which Reqwuire Denial of Summary Judgment (hereinafter referenced as "PEL Fact"). | Footnote 1: "…incorporates by reference his responsive facts along with the Defendants Proposed Findings of Fact, hereinafter referred to as 'Resp. DPF.'" Footnote 2: "…incorporates by reference his simultaneously filed Statement of Additional Facts which Require Denial of Summary Judgment (hereinafter referenced as "PEL Fact"). |
| 8 (clerical – inadvertent omission) | "…branded a racist." | "…branded a racist. (PEL Fact ¶¶32-47)" |
| 20 (corrected holding) | *Henn v. Nat'l Geographic Soc'y*, 819 F.2d 824, 829–30 (7th Cir. 1987) (severe stress and reputational harm sufficient to establish hostility). | (constructive discharge depends on what was communicated to employees). |
| 20 (clerical) | "CITE" | Deleted. |
| 20 (typo) | 10 point font at bottom of page | Corrected font size to 12 point |
| 21 (typo) | "adduce s" | adduces |
| 23 (wrong case citation) | As the Seventh Circuit made clear in *Bohannan v. Doe*, municipal liability attaches where discriminatory practices are so persistent and widespread that policymakers knew or should have known of the violations and failed to act. 527 F. App'x 638, 744–45 (7th Cir. 2013) | As the court made clear in *Hall v. City of Chicago*, municipal liability attaches where discriminatory practices are so persistent and widespread that policymakers knew or should have known of the violations and failed to act. 989 F.Supp.2d 699, 707 (N.D.Ill., 2013) |
| 23 (removed quotes) | A municipality may be held liable when an official with final policymaking authority "approves a subordinate's decision and the basis for it." | A municipality may be held liable when an official with final policymaking authority approves a subordinate's decision and the basis for it. |
| 24 (typo - capitalization) | "But Qualified immunity does not apply . . .." | qualified immunity |
| 25 | - "…effort to conceal. CITE" | - "…effort to conceal. Resp. DPF ¶ 7." |

| | | |
|---|---|---|
| (clerical) | - "See WOLF and VV [CITE]."<br>- "…him as racist. CITE."<br>- "…adverse response. CITE."<br>- "…that speech. See AS and RS Texts [CITE]." | - "See id.; Decl. Wolf ¶13; Valdez Dep. 126:10-17."<br>- "…him as racist. See Decl. DeMaster, Exs. 9, 10, 30."<br>- "…adverse response. *Id.*"<br>- "…that speech. *Id.*" |
| 25 (added to accord w/ cites) | "A public official who causes…" | "An employee who causes…" |
| 26 (corrected citation) | *Taylor v. Ways and Whitler*, 2022 WL 1231315 (7th Cir. Apr. 27, 2022) | *Taylor v. Ways*, 999 F.3d 478 (7th Cir. 2021) |
| 27 (corrected citation) citation | *Taylor v. Ways,* CITE | *Taylor v. Ways*, 999 F.3d 478 (7th Cir. 2021) |
| 28 and 29 (deleted case) | See *Gomez v. City of Chicago*, 2022 WL 3211422 (N.D. Ill. Aug. 9, 2022) (liability imposed on city attorney for retaliatory orchestration under color of law). | Deleted citation on p. 28 and on 29: ~~These actions mirror the conduct in Gomez v. City of Chicago, 2022 WL 3211422 (N.D. Ill. Aug. 9, 2022), where supervisory liability was imposed on a mayor and city attorney who facilitated retaliatory and discriminatory acts~~. |
| 28 (deleted case) | See Paul v. Davis, 424 U.S. 693, 712 (1976). | Deleted |

April 30, 2025.

Respectfully submitted,

DEMASTER LAW LLC

*/s/ Jennifer DeMaster*
Jennifer DeMaster
Wis. Bar No. 1124201
DEMASTER LAW LLC
361 Falls Rd # 610
Grafton, WI 53024
Phone: (414) 235-7488
jennifer@demasterlaw.com

Christopher I. Kachouroff

VA Bar No. 44216  
MCSWEENEY, CYNKAR &  
KACHOUROFF, PLLC/DOMINION  
LAW GROUP?  
13649 Office Place, Suite 101  
Woodbridge, Virginia 22192  
Telephone: (703) 621-3300  
chris@mck-lawyers.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on April 30, 2025, I electronically filed the foregoing Notice of Errata with the clerk of court using the CM/ECF system, which will accomplish electronic notice and service for all participants who are registered CM/ECF users.

April 30, 2025.                                          */s/ Jennifer DeMaster*