# EXHIBIT G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

CHAD PELISHEK,

                      Plaintiff

    v.                                                     Case No. 2:23-CV-1048

CITY OF SHEBOYGAN, et al.,

                      Defendants.

_____

**PLAINTIFF CHAD PELISHEK'S RESPONSES TO INDIVIDUAL DEFENDANTS' INTERROGATORIES ON PLAINTIFF**
_____

Plaintiff Chad Pelishek, through his undersigned counsel, submits the following supplemental responses, in good faith, to the above-named Defendants' Requests for Production of Documents as set forth below.

## PRELIMINARY STATEMENT

The Defendants in the above-captioned case are the City of Sheboygan, a municipality organized under the laws of the State of Wisconsin, and four individual officers, directors, and/or managing agents of the City of Sheboygan. Each of these individual defendant officers was an officer or director of the Defendant City of Sheboygan (hereinafter "City") during the time frame relevant to this case and involved conduct occurring by said officers and directors of the City during their tenure as Officers and Directors under color of law. Wisconsin state law considers a "corporate defendant" and their "officers, directors, and managing agents of corporate defendants" as one and the same for purposes of serving discovery requests, including interrogatories, on an opposing party. *See* e.g. Wis. Stat. § 804.05(3)(b)5. The Defendants impliedly acknowledge this understanding whereby the

INTERROGATORY NO. 2: Describe, with specificity, all conduct that Plaintiff alleges City Attorney Adams engaged in that violated Plaintiff's right to Equal Protection of the Law in support of the Second Cause of Action contained in Plaintiff's Amended Complaint.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects to the extent that he is not required to restate the allegations in his pleadings in response to**

discovery and because the Defendants have exhausted their interrogatory limit given that Adams is a current officer for the City of Sheboygan and this question is cumulative and duplicative of the City's Interrogatory Nos. 4, 6, 7, and 9. Plaintiff objects to the extent this interrogatory exceeds the 25 limit under the Federal Rules coming from officers and directors of the City of Sheboygan who have exhausted their interrogatories. Plaintiff further objects that this request seeks Plaintiff's legal opinion and conclusions that Plaintiff is not required to provide in regard to "violations of his equal protection rights" to the extent this calls for a legal conclusion that is neither applicable nor accurate as to what Plaintiff must prove in this matter as far as any conduct by an individual Defendant. Subject to these objections and without waiving any other objections and preserving the right to supplement his response if needed, Plaintiff points Defendants to Plaintiff's allegations in his Amended Complaint relating to Adams conduct (ECF No. 13) and Plaintiff's responses to the City's Interrogatories Nos. 4, 6, 7, and 9 as relating to Defendant Adams. Plaintiff further states that Adams told Chad he couldn't talk to media (Hilty) to clarify her article about the slur (and his reporting), never spoke to Plaintiff about Rendall's "complaints" but continually emailed her and asked only her for updates about Plaintiff, ordering Hall to draft a written investigation report without Council knowledge and then editing that report to release to the public with false information about Plaintiff despite Plaintiff's pleas to not include his name and Adams' false assurances that names would be redacted, directing, condoning, and turning a blind eye to directives on Plaintiff in November 2022, February 2023, and March 2023 that silenced Plaintiff from speaking to legal counsel about the investigation and his complaints, ordering Hall to investigate only harassment against Rendall despite Plaintiff's complaints, overseeing sham Hall investigation to ensure Wolf was fired after he defended Plaintiff publicly and the council, directing/working with

10

**Westbrook after ensuring Westbrook's hiring to learn information about Plaintiff so that Plaintiff would be silenced and stopped from filing any complaint of discrimination or legal action.**

INTERROGATORY NO. 4: Describe, with specificity, all conduct that Plaintiff alleges Mayor Sorenson engaged in that violated Plaintiff's right to Equal Protection of the Law in support of the Second Cause of Action contained in Plaintiff's Amended Complaint.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects to the extent that he is not required to restate the allegations in his pleadings in response to discovery. The Defendants know Plaintiff's allegations regarding conduct engaged by Ryan Sorenson. Plaintiff objects to the extent this interrogatory exceeds the 25 limit under the Federal Rules coming from officers and directors of the City of Sheboygan who have exhausted their interrogatories. Plaintiff further objects that this request seeks Plaintiff's legal opinion and conclusions that Plaintiff is not required to provide in regard to "violations of his equal protection rights" to the extent this calls for a legal conclusion that is neither applicable nor accurate as to what Plaintiff must prove in this matter as far as any conduct by an individual Defendant. Further, Plaintiff objects to the extent this request is indecipherable and vague specifically as to "conduct" that "violates his equal protection rights" or any violations thereof without definitions or more express language from the Defendants. Subject to these objections and without waiving any other objections, Plaintiff points the Defendants to his response to the City's Interrogatory Numbers 4, 6, 7, and 9. Further Plaintiff states the following: Asking publicly outcry, telling MLD and public/media about slur, telling Plaintiff he could not have a lawyer for Hall but only Adams was his lawyer, threatening Plaintiff's job and telling Plaintiff how many strikes there were against him**

12

**in front of Plaintiff's colleagues/department, failure to train and supervise knowing violations of Plaintiff's rights and turning a blind eye, refusing to correct the narrative about Plaintiff and refusing to speak to City partners, meeting with and demanding contracts for the female DEI members that demanded Plaintiff's firing so they could work or do jobs within Plaintiff's control and then demanding Plaintiff finish their jobs with very little time, while forcing him to work with them.**

13

INTERROGATORY NO. 6: Describe, with specificity, all conduct that Plaintiff alleges Amanda Salazar engaged in that violated Plaintiff's right to Equal Protection of the Law in support of the Second Cause of Action contained in Plaintiff's Amended Complaint.

**RESPONSE: Plaintiff objects on the basis of the General Objections and specifically objects to the extent that he is not required to restate the allegations in his pleadings in response to discovery. Plaintiff objects to the extent this interrogatory exceeds the 25 limit under the Federal Rules coming from officers and directors of the City of Sheboygan who have exhausted their interrogatories. The Defendants know Plaintiff's allegations regarding conduct engaged by Ms. Salazar. Plaintiff further objects that this request seeks Plaintiff's legal opinion and conclusions that Plaintiff is not required to provide in regard to "violations of his equal protection rights" or any violations thereof without definitions or more express language from the Defendants. Plaintiff is not a lawyer nor qualified to provide such responses or legal conclusions about his "equal protection" rights or any alleged violations thereof. Further, Plaintiff objects to the extent this request is indecipherable and vague specifically as to "conduct" that "violates his equal protection rights" to the extent this calls for a legal conclusion that is neither applicable nor accurate as to what Plaintiff must prove in this matter as far as any conduct by an individual Defendant.**

**Subject to these objections and without waiving any other objections, Plaintiff states:** Def. Salazar's demands on the Council to fire Plaintiff, telling public to express outcry relating to the "slur" articles about Plaintiff that painted him as a racist, refusing to talk to Janet about her email to the Alders and neighborhood leaders defending Pelishek and calling Janet Duellman's defense of Plaintiff "not a good look". Working to help Rendall file complaints about Plaintiff and talking to Rendall about Plaintiff, celebrating her "standing up to racism" despite never once speaking to Plaintiff and encouraging Rendall to talk to Adams and other Alders, censuring Filicky-Peneski when she learned that Filicky expressed disappointment in Rendall and Rendall's false reporting to hurt Plaintiff (as she/council learned of Filicky's statements only when a citizen emailed a recording clip of Filicky to them in or around April 2023), and "taking action" immediately against Plaintiff after Rendall first told her about Plaintiff making racial slur on August 22.

15

INTERROGATORY NO. 8: Describe, with specificity, all conduct that Plaintiff alleges Emily Rendall-Araujo engaged in that violated Plaintiff's right to Equal Protection of the Law in support of the Second Cause of Action contained in Plaintiff's Amended Complaint.

**RESPONSE: Plaintiff objects on the grounds of the General Objections and specifically objects to the extent that he is not required to restate the allegations in his pleadings in response to discovery. The Defendants know Plaintiff's allegations regarding conduct engaged by Emily Rendall-Araujo. Plaintiff objects to the extent this interrogatory exceeds the 25 limit under the Federal Rules coming from officers and directors of the City of Sheboygan who have exhausted their interrogatories. Plaintiff further objects that this request seeks Plaintiff's legal opinion and conclusions that Plaintiff is not required to provide in regard to "violations of his equal protection rights" to the extent this calls for a legal conclusion that is neither applicable nor accurate as to what Plaintiff must prove in this matter as far as any conduct by an individual Defendant. Plaintiff is not a lawyer nor qualified to provide such responses or legal conclusions about his "equal protection rights" or any violations thereof without definitions or more express language from the Defendants. Further, Plaintiff objects to the extent this request is indecipherable and vague**

16

specifically as to "conduct" that "violates his equal protection rights." Subject to these objections and without waiving any other objections, Plaintiff directs the Defendants to Plaintiff's response to the City's Interrogatory Nos. 4, 6, and 7.

Subject to these objections and without waiving any other objections, Plaintiff states: Rendall intentionally and maliciously incited and set Plaintiff up to repeat a racial slur when he was trying to support his employee Janet Duellman and his concerns about racism incidents and then Rendall published falsely that Plaintiff was a racist who made racial slurs and offensive race-related comments and that she was "reporting" his racism to the public, media, and City. Rendall admitted specifically that her actions against Plaintiff repeating the slur were specifically because he was not allowed to report any racial slur, regardless of context, because he is a "white man of privilege." Rendall immediately told Veronica Valdez (a "woman of color") and many females in the public about Plaintiff making "racial slur" as well as Def. Salazar (Alderwoman), telling third parties Rendall was "standing up to" Plaintiff's racism, going to Plaintiff's office multiple times repeatedly to talk to Abby Block after spreading Plaintiff was a racist, talking to Alders, Adams, Sorenson, and citizens as well as members at her "church" about Plaintiff, cursing and inappropriate statements in public about Wolf after Wolf tried to defend Plaintiff, lied in her written complaint to City Attorney that Plaintiff made numerous racial slurs after department heads at August 22 meeting started defending Plaintiff. Met with media (Hilty) regarding slur articles and lied about it in her reporting, demanded Wolf firing as well as any statements she made to Hall or others that she was reporting "multiple instances" of Plaintiff's racism at the City and was retaliated against by Wolf for her "reporting" that.

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHAD PELISHEK,

    Plaintiff

v.                      Case No. 2:23-CV-1048

CITY OF SHEBOYGAN, et al.,

    Defendants.

## VERIFICATION

I, Chad Pelishek, have read Plaintiff Chad Pelishek's Responses to Individual Defendants' Interrogatories on Plaintiff, and upon information and belief, verify that the matters stated in the foregoing document are true and correct. I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 26, 2024

                                              Chad Pelishek