**Analysis of Defendants' Case Citations re: severe sanctions and dismissal (ECF No. 178)**

| Defs. Case | Defs. Quote | Pl's Response |
|---|---|---|
| *Sanders v. Melvin*, 25 F.4th 475, 481 (7th Cir. 2022) | **Inherent authority - dismissal.**<br><br>"Misconduct that involves lies or misstatements to the court can warrant the severe sanction of dismissal of claims. No one should need to be reminded that making false statements to the court is inappropriate . . . ."<br><br>**(ECF No. 178 at 6).** | **Case is not similar and facts are distinguishable.**<br><br>*Pro se* prisoner plaintiff requested *in forma pauperis* in allegations of complaint. Amended complaint and removed request. Trial court dismissed for fraud on court. Reversed, holding district court's finding that allegations were untrue was erroneous. |
| *Martin v. Redden*, 34 F.4th 564, 568-569 (7th Cir. 2022) | **Inherent authority - dismissal.**<br><br>"…the Seventh Circuit has noted that repeated false statements "waste judicial resources and the time and money of honest parties."<br><br>**ECF No. 178 at 6-7).** | **Case is not on point.**<br><br>False documents case involving *pro se* prisoner. Case dismissed and prisoner barred for two-years from filing any more cases. |
| *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) | **Inherent authority - dismissal.**<br><br>"In the Seventh Circuit, a "litigant's misconduct can justify default judgment, and perjury is among the worst kinds of misconduct."<br><br>"(noting pro se plaintiff's lies 'put the judicial system through more than three years of unnecessary work, including an unnecessary appeal…')"<br><br>**(ECF No. 178 at 6 and 7).** | **Case is not on point.**<br><br>Multi-year 1983 litigation for sexual harassment. Inmate said he filed written complaint and made sworn statement. No such written complaint was filed and thus no administrative remedies exhaustion. Learned through clear and convincing evidence after multi-year litigation and appeals. Dismissal as sanction warranted. |

**Analysis of Defendants' Case Citations re: severe sanctions and dismissal (ECF No. 178)**

| | | |
|---|---|---|
| *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397 (7th Cir. 2015) | **Inherent authority - dismissal.**<br><br>"('Dismissal can be appropriate when the plaintiff has abused the judicial process by seeking relief based on information that the plaintiff knows is false.')."<br><br>**(ECF No. 178 at 6-7).** | **Case is not on point.**<br><br>Pro se plaintiff filed pleading to compel arbitration based on a fraudulent contract he never signed with employer. Contract constituted "falsified evidence". |
| *Fuery v. City of Chicago*, 2016 U.S. Dist. LEXIS 135086, *44 (N.D. Ill. Sep. 29, 2016) | **Inherent authority – set aside jury verdict.**<br><br>"Even in scenarios in which the attorney, as opposed to the party, has engaged in the misconduct at issue, a court may enter judgment as a sanction. . . .<br><br>('A court may enter judgment as a sanction even where there is no misconduct by a party, only by her attorney')."<br><br>**(ECF No. 178 at 6)** | **Case supports Plaintiff.**<br><br>Illustrates extreme misconduct in 1983 case. Plaintiffs and plaintiffs' counsel **both** engaged in egregious misconduct during trial including spoliation, repeated violations of *in limine* orders even after warning, communication with media, not preparing witnesses, improper testimony, and etc. Even with adverse inference instruction regarding spoliation. jury found for plaintiff. District court set favorable jury verdict aside as a sanction.<br><br>Plaintiffs' attorney also sanctioned because she "regularly appeared in federal court" and had been sanctioned in prior year, demonstrating unwillingness to conform conduct."<br><br>Pelishek's counsel does not regularly appear in federal court and does not have past history other than contemporaneous *Coomer* matter which involves mistaken filing. |

**Analysis of Defendants' Case Citations re: severe sanctions and dismissal (ECF No. 178)**

| | | |
|---|---|---|
| *In re TCI, Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985) | **General propositions without any analysis of facts for fee-shifting sanctions.**<br><br>**(Block quote found on ECF No. 178 at 8.)** | **Case is favorable to Plaintiff's counsel.**<br><br>Defendants are not the movant. This case is about multiplication of proceedings, unreasonably and vexatiously. Vexatious litigation refers to legal actions initiated without merit and with the primary purpose of harassing, annoying, or causing legal expenses to the defendant, rather than seeking a legitimate legal remedy. It often involves the repetitive filing of lawsuits or motions that are frivolous, baseless, or intended to cause undue burden and expense. As the Court noted,<br><br>> A court may order an attorney who "multiplies the proceedings ... unreasonably and vexatiously" to bear the adversary's costs and attorneys' fees personally, 28 U.S.C. § 1927. William L. Needler & Associates, Ltd., filed unjustified pleadings in this bankrupcty suit. *When its adversaries demonstrated that the pleadings were without substance, Needler's firm revised them slightly and filed them twice more*. The district judge awarded costs and fees for the second and third filings.<br><br>*In re TCI Ltd.*, 769 F.2d 441, 442 (C.A.7 (Ill.),1985). In *REXA, Inc. v. Chester*, the Court found that<br><br>> "Attorneys' fees that are imposed as a sanction pursuant to a trial court's inherent authority 'may go no further than to redress the wronged party for losses sustained,' and the court 'may not impose an additional amount as punishment for the sanctioned party's misbehavior.'" 42 |

**Analysis of Defendants' Case Citations re: severe sanctions and dismissal (ECF No. 178)**

|  |  |  |
|---|---|---|
|  |  | F.4th 652, 673 (7th Cir. 2022) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108, 137 S.Ct. 1178, 197 L.Ed.2d 585 (2017)). |
| *Moser v. Bret Harte Union High Sch. Dist.*, 366 F. Supp. 2d 944, 979 (E.D. Cal. 2005) | **Inferring bad faith.**<br><br>"While counsel argues that the conduct at issue was not intentional misconduct, the sheer number of issues and the egregious nature of the conduct combined with counsels' modus operandi (as gleaned from the actions the district court in Colorado noted in issuing sanctions against them) can support an inference of bad faith. See ("When an attorney repeatedly and vexatiously presents 'facts' and 'law' to the Court that are plainly wrong or misleading, which needlessly prolong and multiply the summary judgment proceedings and materially increase the burden on the Court, bad faith can be inferred.")<br><br>**(ECF No. 178 at 8-9)** | **Case is not authoritative. However, it is favorable to Plaintiff.**<br><br>*Moser* involves disability accommodations where defendant's counsel intentionally omitted language from case citations that contained legal standards directly contrary to their position and incorrectly argued untrue legal statements about lawful disability accommodations. Court sanctioned attorney and law firm, in part, because they were an established law firm presenting themselves as specializing in education law (relevant to the case) and attorney was a seventh-year associate who specialized in education law. Specific conduct involved defendants' counsel's frivolous and hypertechnical objections to simple undisputed proposed facts.<br><br>Case Quotes:<br><br>This case is entirely about Ms. Yama, Lozano Smith and Bret Harte Unified School District "pushing the ethical envelope" and engaging in ongoing and repeatedly deceptive and obstructive conduct throughout the case's several year history. *Moser v. Bret Harte Union High Sch. Dist.*, 366 F. Supp. 2d 944, 979 (E.D. Cal. 2005).<br><br>Lozano Smith went beyond mere vigorous advocacy for |

**Analysis of Defendants' Case Citations re: severe sanctions and dismissal (ECF No. 178)**

| | | |
|---|---|---|
| | | its client. It intentionally omitted the full citation as discussed infra,[12] which contained law contrary to its position and it intentionally argued that 504 accommodations were equal to Compliance under the IDEA. *Moser v. Bret Harte Union High Sch. Dist.,* 366 F. Supp. 2d 944, 982–83 (E.D. Cal. 2005).<br><br>*Moser v. Bret Harte Union High Sch. Dist.,* 366 F. Supp. 2d 944, 976 (E.D. Cal. 2005) (assessing that attorney/law firm admitted to approximately thirty-four hyper-technical, frivolous, improper objections and other misstatements or arguments that prolonged litigation)<br><br>It is reasonable to infer that Ms. Yama should have known that her efforts amounted to obstruction of the just resolution of the case and harassment of the Plaintiff. *Moser v. Bret Harte Union High Sch. Dist.,* 366 F. Supp. 2d 944, 980 (E.D. Cal. 2005).<br><br>The only reasonable conclusion is that the District intentionally chose to ignore the warnings it received that it was misrepresenting the truth to the Court, in an effort to mislead the Court and to prolong the proceedings in the hope that Plaintiff would give up. The District's conduct rises to bad faith. The power to sanction the District exists under Rule 11, § 1927, and the Court's inherent authority. *Moser v. Bret Harte Union High Sch. Dist.*, 366 F. Supp. 2d 944, 987 (E.D. Cal. 2005); citing *Roadway Express,* 447 U.S. at 766, 100 S.Ct. 2455. |

**Analysis of Defendants' Case Citations re: severe sanctions and dismissal (ECF No. 178)**

| | | |
|---|---|---|
| *Samuels v. Wilder*, 871 F.2d 1347 (7th Cir. 1989) Defs: | **Cannot introduce new facts after close of discovery.**<br><br>"Further, this proposed fact presents new facts, which cannot be used at this juncture of the case. See Samuels v. Wilder, 871 F.2d 1346, 1350-1351 (7th Cir. 1989) (highlighting that a party cannot introduce new facts after the close of discovery without leave and doing so would be highly prejudicial to its adversary)."<br><br>**(ECF No. 178 at 4, citing ECF No. 169 Defs Resp to ¶¶20, 31)** | Pelishek's proposed facts did not introduce new facts, and Defendants' citation does not support contention in their parenthetical or explain how that relates to egregious misconduct or fact misrepresentations by counsel. Further, this case does not have a fraud claim that required a Rule 9(b) pleading.<br><br>Case involved, in part, fraud and "cherry picking" (misrepresentation) claims required to be pled with particularity under Fed. R. Civ. P. 9(b). At summary judgment, plaintiff attempted to introduce new facts. Seventh circuit affirmed district court's granting of summary judgment and refusal to consider new facts relating to fraud/cherry picking claims to prevent plaintiff's attempted bypass of Rule 9(b). |