| Proposed Facts Defs. Requested Ct Strike/Disregard (ECF) | Defendants' Objection | Pl Response / Supporting Evidence |
|---|---|---|
| ECF No. 141 ¶¶5, 29, 34 & ECF No. 169 ¶¶ 12, 15 | Defs Object stating that Hall recording does not have word "exactly" and says: "And Emily Rendall-Araujo, who was sitting across the table from me said, 'Well, what --' and I'm not sure -- she said, "What are they saying --" I thought, I'm pretty sure she said, 'What is being said?'" (ECF No. 141 at 7 & 32 citing Plaintiff's Exhibit, ECF No. 127-2 & 153-3 at 33:30-33:46) | Defs incorrectly quote the recording. ECF 127-2 at 33:30-33:46 states "" 'And Emily Rendall-Araujo, who was sitting across the table from me said, 'Well, what?' And I'm not sure. She said, 'What are they saying?' I thought . . . I believe she said, 'What are they exactly saying?' " |
| ECF No. 141 ¶¶12, 16, 49, 50 & ECF No. 169 ¶¶ 6, 10, 20 | Proposed Fact is Plaintiff's personal opinion which cannot be used to create fact issue. Declarations that offer only general opinions or beliefs do not create a genuine issue of material fact sufficient to prevent the granting of summary judgment. | For para 10 of 169, there is no personal opinion cited from Plaintiff. Further, Black's Law Dictionary defines Fact as "1. Something that actually exists; an aspect of reality <it is a fact that all people are mortal>. • Facts include not just tangible things, actual occurrences, and relationships, but also states of mind such as intentions and the holding of opinions." Black's Law Dictionary (12th ed. 2024). |
| ECF No. 141 ¶¶11, 12, 16, 33 & ECF No. 169 ¶¶ 13, 20 | Says Plaintiff's declaration contradicts "Plaintiff's own sworn deposition testimony" & court should strike/disregard declaration statements under sham affidavit rule. | Defandants do not cite to any deposition testimony and/or declaration statements by Plaintiff in their responses here that would contradict one another. |
| ECF No. 141 ¶¶29, 33, 34 & ECF No. 169 ¶¶ 1, 10, 15, 20, 31 | Objections to relevance, immaterial, unnecessary, cumulative/duplicative, and /or unlikely to influence the Court's decision on Defendants' Motion for Summary Judgment. | Does not show egregious misconduct or a material misrepresentation |

| | | |
|---|---|---|
| ECF No. 141 ¶36 & ECF No. 169 ¶¶ 20, 31 | Objects that proposed fact is not included in Plaintiff's Amended Complaint and/or presents "new facts" which cannot be used at this juncture of the case. | Frivolous objection. Pl is not required to allege all facts in a complaint |
| ECF No. 141 ¶36 & ECF No. 169 ¶¶ 1, 20, 31 | Objects that proposed fact was not provided with interrogatory seeking all facts relied on in support of claims. | Plaintiff's responses to those interrogatories were subject to our objections contained in discovery responses. |
| ECF No. 141 ¶¶48, 49 & ECF No. 169 ¶ 8 | Objects claiming cited material contradicts deposition and Pl. testified he spoke to a few people about allegations in Wolf and his complaint before he resigned. | Plaintiff had no litigation or complaint until several months after his resignation. Pelishek's declaration (ECF No. 153) paragraphs support this fact and do not contradict his deposition. Declaration clarifies and provides additional context that Defs. did not ask at deposition. See also Pl's response to DPFOF 81 (ECF No. 144, Pl Resp to ¶81) |
| ECF No. 141 ¶33 | Objects that Westbrook recording (ECF No. 127-3) doesn't support proposed fact. | Cited material supports Pl's fact. Context from recorded conversation is that Plaintiff and another employee were concerned that City partners don't want to work with Plaintiff becaues of racial slur matters and that's when Westbrook says, "Um, we the city should not have external communications about what happened, until the [Hall investigation] report of [inaudible] Wolf is released or is back to us and about to be released. And when that happens, right, that will be a clear chronological order of events of what *actually happened*." (ECF No. 127-3) (emphasis added). |
| ECF No. 141 ¶34 | Objects that citing to Wolf's Complaint is too broad and should be more specific. | While still responsive, should have cited to Wolf's Compl., 23-cv-149, ECF No. 1 ¶¶1, 2, 84, 105 - 108, 140, 166-169 |

| | | |
|---|---|---|
| ECF No. 141 ¶36 | Objects that declaration contradicts deposition pages 347 & 348 | Defendants's questioning do not differentiate between refernce to "main witness" vs. seeing an attorney. No follow up question. Deposition pgs cited by Defs: Pelishek can't confirm if that statement was at that meeting or another meeting, and then Defs. Never followed up about conversation with attorney and was not clear which meeting they were referring to. (Pelishek Dep. 347:10-15, Plaintiff said couldn't recall if it was that meeting or another meeting. Factual support is seemingly there but it does appear contradictory. Goes to weight. Affidavit clarifies the point and exact date of meeting). Other Deposition parts confirm fact. See Pelishek Dep. 422:6-15. |
| ECF No. 141 ¶ 48 | Objection that cited material contradicts deposition. | We stand on our citations and there's no contradiction in deposition. The deposition pages Defs cite discusses Plaintiff tralking about Plaintiff's "litigation" which was not filed until August 2023--4 months after Plaintiff resigned from City. He did not speak about his litigation with anyone while employed. |
| ECF No. 141 ¶ 49 | Claims declaration statements contract deposition pages Defs. Cite. 348-351, 354-361, 477-478 | Page cited by Defendants provided better support for Pl's fact. No direct contradiction. Pelishek Dep. 348-351 supports fact that March 8 directives and seeing report with omissions is, in part, what led to FMLA leave (specifically Pelishek Dep. 350:1-16). |
| ECF No. 141 ¶ 50 | Claim declaration statement para. 33 of ECF No. 127 contradicts Pelishek's Dep. pp. 365-369. Claims cited facts contradict Amended Complaint (ECF No. 13) | We stand by our citations and support. No direct contradictions. Fact says Plaintiff resigned "in part" for these reasons. Plaintiff's deposition at p. 367 also supports this. (See also Pelishek Dep. 93-108 & 451:7-452:5). Amended Complaint did discuss resignation from emotional injuries and stress. See ECF No. 13 ¶¶5,142,165 |
| ECF No. 169 ¶ 1 | Claim citations are not supportive and declaration contradicts testimony. | We stand by our citations. Declaration is not contradictory by clarifying. Deposition pgs cited by Defs did not address multiple other conversations with Westbrook and Sorenson. Further Pel. Dep. 151:18-24 addresses verbal directives from Adams. |

| | | |
|---|---|---|
| ECF No. 169 ¶6 | Claim court should disregard declaration statements that contradict with deposition. | Though Defs are unclear about which parts of deposition contradict declaration, the Deposition pages that Defs. Cited do not contradict cited materials, which support fact. Further, Pelishek Dep. 93:20 - 108 & 451:7-18 supports this fact. Defendants did not cite to other parts of deposition about his deteriorating health which are shown above. |
| ECF No. 169 ¶ 10 | Objection to fact because Rendall-Araujo had no authority to make adverse employment decisions and Wolf's declaration admitted that he was in charge of DEI matters when he was hired by City. | Wolf was hired by City in July 2020 as Administrator (ECF No. 146). Rendall-Araujo was not employed by the City then. This does not show material misrepresentation and cited material supports this fact. |
| ECF No. 169 ¶13 | Objection hearsay for City employee Abby Block and Todd Wolf Emails and stating unsupported. | Defendants hearsay objection is subject to an admission of party opponent and is not a misrepresentation. Further, Defs. Resp cites to ECF NO. 127-2 (Hall interview) 1:06:45-1:07:32 (that DEI group needed $70K and would publicly oppose Wolf if he didn't pay it). See also ECF No. 152-4 (which should've been cited). |
| ECF No. 169 ¶15 | Objection that cited material contradicts proposed fact. | The fact does not say the Hall report had false information, but rather that it had intentional omissions. We stand by our citations. |
| ECF No. 169 ¶20 | Defs. Represented Sorenson's November letter as "letter requesting that [Plaintiff] cooperate with the Jill Hall investigation into Todd Wolf" noting that the letter did not support the fact that it contained directives | Cited material supports the fact. Sorenson's November letter specifically refers to itself as "directives" and "essential job duties". Defs. Admitted authenticity in their Answer to Amend. Compl., (also at ECF No. 152-17 which was cited in support). The November directives say they must be complied with until Pl is formally and expressly relieved of this direction by Mayor Sorenson (ECF 152-17 at 3). Also said that must answer truthfully and City may draw adverse inferences or treat it as insubordination. Discussed consequences for behavior as employee. |

| ECF No. 169 ¶31 | Defs. Claim this is new fact because Plaintiff referred to Harbor Center Busienss Improvement District Board with different terms in his deposition like "Harbor Center Board" | This is frivolous and hypertechnical objection. Defendants have been aware of this fact and knew what Plaintiff was referring to in his deposition. |
| --- | --- | --- |