# Analysis of Defendants' Unpublished Opinions Uploaded at ECF No. 180

| Case | Defendant's use in ECF No. 178 | Plaintiff's review |
|---|---|---|
| *Chwarzynski v. Tebbens*, 2008 U.S. Dist. LEXIS 77217, *4-5 (N.D. Ill. Sept. 10, 2008) | **Inexperienced counsel and attorneys' fees.**<br><br>A "lawyer's 'status as a sole practitioner and his apparent inexperience in federal litigation' in assessing potential sanctions. After considering the same, the court found that '. . . an award of one quarter of the fees defense counsel reasonably expended on the suit and none of the costs [was] an appropriate sanction.'" (p.11) | This case is inapplicable and lacks necessary context. Defendants are not the movants, and the factor of inexperience could just as likely have served to reduce the award. Without the additional factors and facts discussed, the context of Defendants' quote is misleading. Case discussed in Plaintiffs' Reply to Defendants' reply. |
| *Noga v. Kimco Corp*, 1997 U.S. Dist. LEXIS 21128 | **Inexperienced counsel and attorneys' fees.**<br><br>"the district court there held that '[t]he total award of sanctions is reasonably reduced to account for Kimco's duty to mitigate, Berkover's inability to pay, his inexperience in the practice of employment discrimination law and the absence of any history of misconduct.' In that case, the court awarded one-half of reasonable attorney fees for a period of time. *Id.*" (p.11-12) | The *Noga* court previously granted an *unopposed* motion for summary judgment. (*2). Non-movant attorney also failed to file a response to motions for fees and sanctions (*4). When asked to proffer precise evidence showing age discrimination as alleged in complaint, non-movant attorney failed to come forward with evidence of age discrimination. *Id.* When asked for evidence to rebut sanctionable conduct, counsel was still unprepared. *Id.* Non movant attorney failed to rebut allegations of sanctionable conduct and did not offer persuasive explanation for failure to conduct reasonable inquiry.<br><br>The Defendants are not movants, are not entitled to fees, and failed to address Pelishek's Response to show cause order. Pelishek's Response offered rebuttal evidence showing citations were not intentional and proactively engaged in mitigation conduct. |

**Analysis of Defendants' Unpublished Opinions Uploaded at ECF No. 180**

| | | |
|---|---|---|
| *Aldous v. City of Galena*, 702 Fed. Appx. 439, 441-42 (7th Cir. 2017) | **Justifying omission of words in quote.**<br><br>"He claims that the ellipsis somehow represent [sic] to the Court that free speech retaliation case law is controlling authority for prior restraint analysis. The reality is that the Defendants' citation to *Aldous* was mainly to shed light on First Amendment case law relative to speech that is a matter of public concern which is precisely the subject matter of the Plaintiff's brief which Defendants addressed." (p.12) | The argument is not intelligible. Pelishek's retaliation claim was dismissed in the Court's 12(b)6 ruling. ECF No. 38. Plaintiff did not argue retaliation in summary judgment and never makes a conclusion that retaliation is controlling authority for prior restraint. Plaintiff's only comment was that Defendants' citation omitted language that would show the case was inapplicable because punishment for prior speech is not the same as Pelishek's prior restraint claim. ECF No. 177 at 14. The *Aldous* case is thus wholly inapplicable. |
| *Foggey v. City of Chi.*, No. 16 CV 10963, 2018 U.S. Dist. LEXIS 18225, at *16 (N.D. Ill. Feb. 5, 2018) | **Justifying use of overruled case.**<br><br>"The portion that Defendants cited it for (regarding adverse employment actions) was not impacted by *Ortiz* and was even cited by the United States District Court for the Northern District of Illinois for the exact same reason in 2018, well after the *Ortiz* ruling." (p.14) | *Foggey* cites to *Boss v. Castro*, 816 F.3d 910, 917 (C.A.7 (Ill.), 2016) which sets out the general proposition in *Andrews* that "a materially adverse employment action is one which visits upon a plaintiff 'a significant change in employment status.'" But when one reads the cases which was obviously not done here, *Andrews* was citing to *Nichols v. S. Ill. Univ.-Edwardsville*, 510 F.3d 772, 784–85 (7th Cir.2007) which is still valid law in the 7th Circuit.<br><br>However, Defendants' justification is unnecessary given that Defendants cited to *Boss* and the citation to *Andrews* was unnecessary. ECF No. 116 at 30. That an overruled case is cited for a proposition requires a heightened review precisely because it is overruled. The point is that everyone makes mistakes. |
| *Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018) | **In support of dismissal.**<br><br>(p.6) No discussion of facts. | Court found that "*Plaintiffs' trial counsel* engaged in repeated misconduct throughout the trial *and Plaintiffs* actively participated in the misconduct, . . |

| | | |
|---|---|---|
| | | ." (*3). The facts in this case show that trial counsel asked numerous questions in clear violation of the motion in limine ruling and after the court instructed counsel against "any further 'dancing around near or by the rulings on the motions in limine.'" (**7-10). Plaintiffs' counsel's question was the result of "deliberate efforts to obtain an advantage with the jury by playing fast and loose with procedure and the Court's orders." (*13). The Court also found that plaintiffs themselves were engaged in improper testimony. (**18-19).<br><br>The Court also held that "Dismissal or entry of judgment on behalf of a party as a sanction is a severe measure and 'should be employed sparingly and only when there is a record of delay, contumacious conduct, or when other, less drastic sanctions prove unavailing.'" (*4) (quoting *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003)).<br><br>The *Fuery* court had warned plaintiffs' counsel numerous times that a violation was likely to lead to sanctions, including dismissal. (*46) In another case, the 7th Circuit previously warned Fuery's counsel showing a history of non-compliance a year earlier. (**4 and 46.)<br><br>The conduct in this case does not lie anywhere close to the facts in *Fuery*. There is no such evidence that Mr. Pelishek did anything wrong. And Mrs. DeMaster's conduct is addressed in our Response and Reply to Defendants' ECF No. 178. |

**Analysis of Defendants' Unpublished Opinions Uploaded at ECF No. 180**

| | | |
|---|---|---|
| *In re Davis,* 2018 U.S. App. LEXIS 14105, *5 (7th Cir. 2018) | **Claims that Plaintiff wants to relitigate.**<br><br>No explanation as to applicability to this case. (p.15) | Case is inapposite and has no bearing in our case.<br><br>*In re Davis* addresses an appellant lawyer's professional competence in a previously dismissed case. The lawyer attempted to relitigate the appeal of the dismissed case *during the course of separate discplinary proceeding* instituted by the Federal Court of Appeals.<br><br>In that proceeding, the Court of Appeals issued a show cause order and recounted the attorney's conduct representing himself and his family in the case, *Davis v. Anderson*, 718 F. App'x 420, 424-25 (7th Cir. 2017). It noted that in that case, the attorney filed a 574-page complaint. The trial court allowed for an amendment and admonished the attorney not to file a "kitchen sink" complaint. Attorney agreed but then filed a 165-page complaint along with the same 429 pages of exhibits. (*1). In seeking an explanation, the<br><br>The court observed in the disciplinary proceeding that:<br><br>"Our main concern was that the quality of Davis's work fell far below the standards expected of members of this court's bar. In particular, Davis refused to follow simple instructions from the judge and made frivolous arguments to this court in a woefully substandard appellate brief. His conduct appeared to us to be willful because he continued |

Page 4 of 7

**Analysis of Defendants' Unpublished Opinions Uploaded at ECF No. 180**

| | | |
|---|---|---|
| | | to press the patently frivolous argument that he had, in fact, complied with federal pleading standards." (*3).<br><br>Court noted that the attorney responded to order to show cause but, the attorney only cemented his removal from the bar when he chose to argue the previous appeal with the Court instead of addressing his professional competence.<br><br>The Court found that the attorney's professional competence was called into question when he frivolously insisted that he complied with the rules. (*4). |
| *Littler v. Martinez,* 2020 U.S. Dist. LEXIS 1850, *14-15 (S.D. Ind. Jan. 3, 2020) citing to *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 708 (7th Cir. 2014) | **Vexatious litigation.**<br><br>"Another avenue in which a court can issue sanctions is under 28 U.S.C. § 1927, which 'authorizes the Court to sanction an attorney who 'so multiplies the proceedings in any case unreasonably and vexatiously.' Sanctions are warranted under § 1927 'if the attorney has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice . . . or where a claim [is] without a plausible legal or factual basis and lacking in justification.' " (p.6) | Case is inapposite and not relevant to the current facts. Case involved *pro se* prisoner's claims of vexatious litigation by both the defendants and their defense counsel.<br><br>Court caught defendants and their attorneys making false sworn statements and reaffirming those statements despite the fact that "video evidence revealed that some of their statements were indisputably false." (*4). The egregiousness of this case is that it involved state defendants in charge of prisoners and the harm done to pro se parties when treated as "second-class" litigants. (*10). |
| *Mid Cent. Operating Eng'rs Health v. Hoosiervac LLC,* No. 2:24-cv-00326-JPH-MJD, 2025 U.S. Dist. LEXIS | **Sanctions for non-existent cases.**<br><br>"In a case a few months ago, a district court in the Southern District of Indiana imposed a | Case is appropriate to distinguish conduct in this case. In that case, court reduced sanction of $15,000 to $6,000 where an attorney filed *three* separate pleadings containing non-existent cases. |

**Analysis of Defendants' Unpublished Opinions Uploaded at ECF No. 180**

| | | |
|---|---|---|
| 100748, at *1-4 (S.D. Ind. May 28, 2025) | $6,000 sanction on an attorney for submitting briefings that contained non-existent cases." (p.10) | The attorney *admitted* he relied on "generative artificial intelligence" and did not make any attempt to verify the existence of the "generated citations." (*1). <br><br> Mrs. DeMaster's conduct is far different. There was only one case that did not exist. This case was promptly removed by Mr. Kachouroff. In addition, Mrs. DeMaster took reasonable steps to verify the citations by using Westlaw. It never caught the phantom case. She was unaware because she was never told, that Westlaw's cite check tool utilized generative artificial intelligence. What she was told was that this was the judiciary's tool. |
| *Seither & Cherry Quad Cities, Inc. v. Oakland Automation, LLC*, No. 23-11310, 2025 U.S. Dist. LEXIS 143941, at *2-3 (E.D. Mich. July 28, 2025) | **Sanctions meriting an award of attorney fees.** <br><br> "While the court ultimately did not find that the citations were submitted in bad faith, the court noted that '. . . Rule 11 sanctions may be imposed regardless of whether an error was made in good or bad faith' and that '. . . the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely.' *Id.* at *5-6; citing *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (additional citations omitted.) Since harm was done as a result of plaintiff's actions in the form of defense counsel expending additional resources in responding to Plaintiff's updated briefing and the diversion of judicial resources, the Court ordered plaintiff's counsel to pay defense counsel's costs in relation to the issue at hand. *Id.* at *5-7. The court there also | Court awarded defense counsel $1,485 dollars for the harm and encouraged plaintiff's counsel to complete CLE course on the use of LLMs in legal research and legal ethics. <br><br> Defendants here are not movants and have not expended time responding to Plaintiff's updated briefing. The time spent in responding to Plaintiff's Response, however, was purely voluntary and Defendants argued to have the case dismissed. Most of Defendants' citations in ECF 180 are inapposite, where Defendants merely cherry-picked sentences without context. <br><br> Additionally, Mrs. DeMaster is taking an 8-hour AI course this Friday, August 22, 2025, which includes law office management and ethics. |

Page 6 of 7

| | | |
|---|---|---|
| | encouraged, but did not require, plaintiff's counsel to attend CLE courses. *Id.* at *7." | |
| *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 499 (D. Wyo. 2025) | **Sanctions pursuant to Rule 11.**<br><br>" 'Because Respondents failed to make a reasonable inquiry into the law contained in a document they signed, sanctions are warranted.' *Id.* The attorneys there were sanctioned with monetary penalties ranging from $3,000 to $1,000. *Id.*" | Attorneys in recognized law firm with deep resources sanctioned for not independently verify citations through Westlaw, a resource they clearly had.<br><br>The Court reached it's $3,000 number by considering: "(1) the number of hallucinated cases in the filing compared to real cases; (2) Mr. Ayala's apparent access to legal research resources; and (3) the fact that attorneys have been on notice of generative AI's issues in hallucinating cases for quite some time." (**18)<br><br>Lead attorney, who admitted he used generative AI without verification in Westlaw had his pro hac vice status revoked and fined $3000.00.<br><br>Case is distinguishable here because Mrs. DeMaster did use Westlaw to verify citations but did not realize that the Westlaw tool "used by the federal judiciary" employed generative artificial intelligence or that it would not catch the defects in her citations. Since that time, Mrs. DeMaster independently verifies each citation, one at a time. |